Wood, J.
This was an action of assumpsit, tried in the court of common pleas, without the intervention of a jury. The declaration contained the usual common counts. The plea was the general issue, with notice of special matter in bar of the action. In the court of common pleas the parties were reversed, the suit being brought by Clements against the boat for work and materials furnished, and for which the indebtedness accrued on August 8, 1841.
*37 The court of common pleas gave judgment for the defendant in error, and to reverse this judgment this suit is prosecuted.
A bill of exceptions was taken to the opinion of the court, from which it appears the indebtedness was fully proved ; and, at the time it accrued, J. and E. Stout were the owners of the plaintiff in error.
Five months after the indebtedness arose, and before the commencement of the suit, and on her first trip to Now Orleans, the Stouts sold the boat, and the agreement, among other things, contains a stipulation that the Stouts will use their exertions to keep back the debts against tho boat, then due in Cincinnati, until a certain note at nine months, and given in *part consideration, should become payable, or until the claims are presented as privileged claims against tho boat.
In this aspect of the caso, it is contended by the counsel for the boat, that judgment should have been given for her. It is insisted that a suit can not be maintained against a boat by name, for a debt created by tho original owners, after they have sold and transferred the boat to others, because the debts created by the owners are not liens, unless creditors have made them such by having them recorded under the lien law for Hamilton county.
It seems to us entirely unnecessary to decide whether the liability of the boat for debts contracted on her account, is strictly to be regarded as a lien or not, in the present case. When it becomes necessary to decide that question, our opinion will be expressed; but, “ sufficient for the day is the evil thereof.”
The statute makes the boat liable for debts contracted on her account, and croatos her an artificial person, and authorizes a suit against her by name, to enforce that liability. She may be seized, adjudged a debtor, and sold on execution, in discharge of her obligation. Under such circumstances, it is clear to us that a purchaser, with notice of such pre-existing liability, does not take the. boat discharged from the debt.
Such is the present case. The present owners are purchasers with notice, and tho boat may be sued and sold in their hands, in satisfaction of the plaintiff’s claims; and the common pleas, by so deciding, in our opinion, committed no error.
It appears, from the bill of exceptions, that the common pleas gave it as their opinion, that an innocent purchaser might bo overreached, by a creditor of the boat, whose debt was incurred *38 by the original owner. This question does not arise in the cause; for it is clear, from the stipulations in the agreement, the purchasers had full notice of the debt of Clements, and would be, at most, a bad reason for a correct judgment, and, moreover, is but an abstract proposition, which if incorrectly adjudged, does not lay the foundation for a writ of error.
Judgment affirmed.