ROBERT S. BRUSH, Appellant, v. FRANCIS SEGUIN, and JAMES BYRNS, Appellees.

APPEAL FROM KANKAKEE.

Where a trial has been had, and a motion for a new trial remains undecided till an ensuing term, but is then granted, leave may be awarded to withdraw pleadings demurred to which had been previously adjudicated—the court being in possession of the record, (no final judgment having been rendered,) has discretion over, and control thereof. Such practice not commendable.

Property levied upon, is not discharged from the power of the execution, because a forthcoming bond has been given.

If the best proof of a fact is not adduced, the party should object on the trial; such an objection comes too late in the Supreme Court.

THIS was an action of replevin, by Brush against Seguin and Byrns, for a sorrel mare, value $75.

Defendants, Seguin and Byrns, pleaded seven pleas, to wit:

*Non cepit et non detinuit.*

Property in defendants.

Property in one Robert K. Brush.

A plea stating a judgment for one Wm. Godfrey, against Robert K. Brush and one Ingham, for $346 and costs, at April term, 1858, and an execution to sheriff of Kankakee county, dated April 22, 1858; and that defendant, Seguin, being such sheriff, by his deputy, one Byrns, levied said execution on said property, on May 20, 1858; and that the property was then the property of Robert K. Brush.

A plea like fourth plea, except it omits the judgment and pleads only the writ.

Right of possession in Byrns, as deputy sheriff.

A plea which denies the allegation of property and right of possession in plaintiff.

Issue was joined on all the pleas except fourth and fifth, (called first and second avowries,) and to first and second avowries plaintiff replied:

1st. Property in plaintiff, and not in R. K. Brush.

2nd. A release of defendant's levy, by taking bond from R. K. Brush.

3rd. Release of the levy and delivery of the property to R. K. Brush, and that the property became plaintiff's while it was in possession of said Brush.

4th. The release and discharge of the levy, and delivery of the property to R. K. Brush, who retained possession during life of execution.

Jan. 5, 1859, defendants demurred to second and third above replications, and issue was joined upon the first and fourth.

Brush *v.* Seguin et al.

Jan. 6, 1859, defendants' demurrer overruled by the court, and defendants abided.

A trial of the issues was had by a jury; verdict for defendants, and motion for a new trial, January, 1859.

At the next term, April, 1859, a new trial was granted, and the court allowed the defendants to withdraw the demurrer upon which judgment had been rendered at the former term, and to file rejoinders to said second and third replications to the avowry pleas, and plaintiff excepted.

At September term, 1859, defendants rejoined to said replications, that said levy was not released and discharged as alleged.

At January term, 1860, there was a trial, and a verdict for defendants.

A motion for a new trial overruled, and judgment upon the verdict.

Dickey, Wallace & Boal, for Appellant.

R. N. Murray, for Appellees.

Walker, J. At the January term, 1859, a trial was had, which resulted in a verdict in favor of the defendants below. A motion for a new trial was then entered, which was continued, and at the subsequent April term, was allowed. Leave at that time was granted ·defendants to withdraw their demurrer to plaintiffs' second and third replications to defendants' fourth and fifth pleas, which had been overruled at the preceding term. The plaintiff rejoined to the replications. At the September term, 1859, a trial was had, a verdict found for defendants, a motion for a new trial was entered and overruled, and judgment rendered for the defendants.

It is now urged, as error, that the court, at a subsequent term, set aside the judgment on the demurrer, and let in the defendants to reply to the pleas. Had the judgment been final, and a term had intervened, it would have been erroneous. But here the case was still pending, the parties were in court, and the case standing for trial. The whole record is under the control of the court until final judgment is rendered and the court adjourns. And while courts seldom if ever change a decision made on demurrer at a former term, and not frequently at the same term, it is discretionary with the court, so long as the record is before them. The practice is not to be commended, and should only be permitted when it is clearly required in the furtherance of justice, otherwise litigation would never terminate, and the time of courts would be consumed in re-try-

ing questions already decided. Such a practice is therefore to be discouraged. But as the power to amend the record until the case is finally disposed of, is recognized, and as a continuance followed the leave to plead, we can perceive no injustice or surprise resulting from setting aside the judgment on the demurrer, and forming an issue of fact upon the pleas, in this case, we are not prepared to say that it was error.

It is also urged that the sheriff, by receiving the forthcoming bond, released the property from the levy and lien of the execution, and that appellant, as mortgagee, took it free from all incumbrance. Whether this is the case, depends upon our statute, authorizing the execution of such instruments.

The eighth section of the act regulating judgments and executions, provides that no execution shall bind the goods and chattels of the defendant, until the delivery of the writ to the sheriff or other officer to be executed. This section creates the lien of the execution upon all the goods and chattels of the defendant, except such as are there exempted. After the delivery of the writ to the officer, the property remains bound for its satisfaction during its life, unless released by the parties, or by operation of law. In this case it is contended that such was the case, by receiving the delivery bond.

The thirtieth section of that act authorizes the officer to take the bond and restore the property to the defendant, until the time agreed upon for its delivery. The thirty-first section provides, that if the defendant or his security shall not return the property named in the bond, the officer having the execution, may proceed to execute the same, in the same manner as if no levy had been made. If no levy had been made, or bond given, no one will doubt that the officer might proceed to levy the writ upon any goods or chattels which were owned by the defendant, after it was delivered to him, within his county, whether they had been sold, mortgaged or transferred by the defendant or not, if they could be found in the county. Then if the officer might proceed as though no levy had been made or bond had been given, he might unquestionably again seize this property, and subject it to sale in satisfaction of the writ. The levy and taking a delivery bond did not in any degree release or affect the lien created by the execution, or the officer could not levy in the same manner, but would have to proceed differently. It then can make no difference whether the forthcoming bond was valid or not, as in either event, the lien on this property was binding, and subsisting at the time the property was a second time seized by the officer. The mortgage was executed on the property when it was subject to this lien, and the mortgagee took it subject to the infirmity, and

could only hold it liable to sale on the execution, if it were not paid.

It was urged that the defendants below failed to prove by the best evidence, that they were the sheriff and deputy sheriff of the county. Even if it were admitted that the proper mode of making that proof was by producing the commission of the sheriff, and the appointment of the deputy, by the record in the clerk's office, still there was no objection interposed to proving the fact by parol evidence. No objection having been made at the time, it is too late to raise the objection for the first time in this court.

The judgment of the court below is affirmed.

*Judgment affirmed.*