Minshall, J.
In order to effect an attachment of personal property, it must be taken into the custody of the officer serving the writ; until this is done, no attachment can be said to exist. It need not in all cases be actual, but must in every case be such custody as the nature of the subject attached will admit of. Such is not only the positive requirement of our statute (sec. 5528, Rev. Stats.), but is in accordance with the statement of the law upon the subject as found in the treatises and decided cases. 1 Wade on Attachment, sec. 129; Drake on Attachment, sec, 292a; Waples on Attachment, 175; Freeman on Executions, sec. 262; Minor v. Smith, 13 Ohio St., 79; Murphy v. Swadener, 33 Ohio St., 85.
There is no doubt but that after the attachment has been properly made, the officer may continue his custody of the goods by placing them in the possession of some third person acting as his agent. They cannot, however, be left in the possession and subject to the control of the debtor. “It is,” says Mr. Drake, “ of special importance that an officer should not leave attached property in the possession of the defendant, unless authorized thereto by some statutory provision.” Drake on Attachments, sec. 292a. And he adds as a reason that, “ The possession of personal property is the only indicium of ownership; and to suffer a debtor to retain possession of his property after it has been attached, is prima facie evidence that the attachment is fraudulent in respect to other creditors, whose attachments, or a bona fide purchase from the defendant, will prevail against the attachment whose lien has thus been lost.” See also, Dunklee v. Fales, 5 N. H. 527; Bryant *228 v. Osgood, 52 N. H. 185; Gower v. Stevens, 19 Maine, 92; Gates v. Flint, 39 Miss. 365; Murfree on Sheriffs, sec. 259.
The requirement of our statute as to the attachment of personal property is, that if it can be come at, the officer “ shall take it into his possession, and hold it subject to the order of the court.” Sec. 5528, Rev. Stats. But it may, as provided in the next section, be delivered by the officer “ to the person in whose possession it was found ” by such person executing a forthcoming undertaking. In such case the undertaking, instead of the property, becomes the security of the creditor; and the property itself may be disj>osed of by the debtor, or taken in execution by other creditors. Jones v. Peasley, 3 Green, 52; Biscoe v. Sandefur, 14 Ark. 568; Brush v. Seguin, 24 Ill. 254; Freeman Ex. sec. 264. Hence it appears, that in any case, when personal property, sought to be attached, is left by the officer in possession of the debtor, it ceases to be in custody of law and may be taken by other creditors. Whatever the rule may be as to personal property taken in execution Acton v. Knowles, 14 Ohio St. 28), such is the rule where it is sought to effect an attachment of it.
That there are many requirements of the statute regulating proceedings in attachment that may be omitted without affecting the validity of an attachment as to other creditors and purchasers, is not questioned. But it will be found that these requirements are such only as are designed for the protection of the debtor — as the giving of a bond by the attaching creditor, or mere irregularities in the affidavit for an attachment. Such irregularities and omissions are regarded as waived unless advantage is taken of them by the debtor; they are not available to other creditors. The provisions, however, that require notoriety in making the attachment — that it shall be done in the presence of two freeholders of the county, ánd that the property shall be taken into custody of the officer, are designed for the protection of creditors and purchasers of the debtor,; and, unless the property is so attached, the court acquires no jurisdiction over it, and the attachment is invalid as to such third persons. This distinction is taken in the case of Ward v. Howard, 12 Ohio St. 161, in the observation of *229 the court, that “ any thing may be' waived by the defendant, which is substantially no injustice to other creditors, or is not intended to guard their rights.” And so the court added that “the objection that a proper undertaking was not executed, and that the facts were defectively stated in the affidavit, were properly overruled by the court.” O’Farrell v. Stockman, 19 Ohio St. 296, is of like effect. We have examined the various cases cited by counsel for plaintiff in error, and find none that go further than we have stated, though the generality of the language used in some might indicate that they did. A different holding would be lacking in principle, as all the authorities agree that the property must be seized in attachment or the court acquires no jurisdiction over it; and that no seizure can be effected unless the officer takes it into his custody; and if he voluntarily abandons its custody to the debtor or his agent, the attachment ceases to exist.
Applying the law to the facts as found by the court, it is clear, as we think, that no such custody of the property sought to be attached was taken in this case, as is required to constitute an attachment. The sheriff, with the attorney of the creditor, went to the place of business of the debtor, The Hocking Iron Company, listened to the representation of its superintendent that the debt would be paid in a few days, and that to make an attachment would be rpinous to the business of the company. And, influenced by these considerations, the sheriff, with the assent of the creditor’s attorney, went through the form of declaring that he attached the property, and then departed leaving it in the possession of the superintendent of the company, with the understanding that he might proceed to deal with the property as if no attachment had been made, and he did so. No change was made in its actual custody, and no freeholders were called to witness the attachment. It is true a notice was posted that the attachment had been made, but it was purposely posted in the most inconspicuous place that could be found. In all that was done more care was observed to avoid anything that would, by its notoriety, embarrass the debtor in the prosecution of its business, than to effect a valid attachment, by observing the requirements of the *230 law regulating such proceedings. It cannot be said that the property was left with the superintendent as the agent or keeper of the sheriff. It was found in his possession as the agent of the debtor, and left with him as such agent and not as the agent of the sheriff; and no forthcoming bond was taken as required in such cases. The findings of the court show that the intention was that the levy should be kept secret, and for this reason, if no other, the attachment was void. Thus it is said, “ The levy ought to be notorious; it must not be made in such manner as to indicate an intention to keep it secret. In general, a secret levy must be held invalid as against third persons.” Freem. Ex. sec. 260, 261.
But it is claimed that the execution creditors are precluded from showing that no attachment had been levied upon the property, by the return of the sheriff, made upon such execution, that he levied the same subject to the attachment of Root & Co. There is no finding as to this made by the circuit court, most probably from the fact that no such point was made in that court. But the return of the sheriff is set forth in the bill of exceptions, and the fact that the return, in each case, was made as claimed, seems to have been uncontroverted; and may therefore be noticed.
There are, as we think, two reasons why the returns made by the sheriff upon the writs of the execution creditors are not conclusive as to them :
1. The attaching creditor was not a party to either of the suits in which these returns were made; as to each of these suits he was a stranger. It will not be claimed that his rights could have been impaired by any return made by the sheriff upon either of these writs, hence to make either of them conclusive for him, whilst not so as against him, would be to apply the principles of an estoppel where there is no mutuality. And it is upon this principle that, as a general rule, a return is regarded as conclusive between parties and privies when offered in evidence. When made and filed, the return becomes a part of the record in which it is issued. “ If,” says Mr. Freeman, “ we keep this fact in view, we shall usually be able to determine, without difficulty, whether a return can properly *231 be admitted in evidence, and tbe effect to be given to it when it is admited. Whenever the record in a case is competent evidence, the return, because it is a part of that record, is also, as a general rule, competent evidence. If the case is one in which the record is conclusive evidence between the parties, the return is also conclusive between them. If, on the other hand, the record is not conclusive between the parties, the return cannot be regarded as conclusive between them.” Freem. on Ex., sec. 363. This is certainly a rational statement of the rule, and accords with the decisions in this state. As between a party and a stranger, the return may for some purposes be evidence, but it is not conclusive. The latter effect is given to a return only as between parties and privies. Phillips v. Elwell, 14 Ohio St. 240, and authorities cited by Peck, J., at page 244.
2. Again, it is no part of the duty of a sheriff to determine whether there are, or are not, liens upon the property that he seizes in execution. Hence, the return of the sheriff on the execution in favor of the Austin Powder Co., that he levied it upon certain property subject to the attachment of Root & Co., was not a necessary part of his return on that writ; and the same is true as to his return upon the subsequent executions. Where the property on which the sheriff levies a particular writ, is in his possession under a former one, a second seizure need not, and in fact cannot, be made; the seizure as to such subsequent writ is in law effected by simply indorsing a levy upon it, and such levy will take effect from the receipt of the writ by the sheriff. Where the property is in his custody under the former writ, such custody supports the return of a levy made under the second writ; but if it is not, and no seizure is in fact made under the second writ, the latter one is no more effectual than the former one. But where, as in this case, the property is for the first time seized under the second writ (5th finding of fact) it stands upon its own footing, and is necessarily prior in right to all liens depending upon a seizure of the property ; and it is not in the power of a sheriff to alter the rights of a party in this regard by any statement in his return in favor of another, where such statement is not a necessary part of his re *232 turn; and this is true irrespective of the question of parties and privies. For it is well settled that the return of an officer is conclusive as to such parties and privies only as to such facts as it was his legal duty to state. Cow. & Hill’s Notes; Phil. Ev. 383; Freem. Ex., sec. 364. A return upon a writ properly embraces no more than a pertinent history of what was done by the officer in executing it according to its requirement ; and where it is made to include matters outside of such history, the matters so incorporated constitute no part of the return, and are not evidence even as between parties, much less as between strangers.
A further point is made upon the pleadings, that the amendment filed to the original petition, is inconsistent with it. This may be so, but we see no reason why a party may not be permitted to change the averments of his pleading. Such a motion is always addressed to the sound discretion of the court, and will not be reviewed on error unless it clearly appears that such discretion has been abused. Clark v. Clark, 20 Ohio St. 128. It was averred in the original petition, “that on the 16th of October, 1882, the sheriff had seized all of said goods ” under the attachment of Eoot & Co. If this averment was made aceording to the best of the pleaders’ information at the time, but was incorrect, we know of nQ‘ principle that would preclude him from correcting his statement at a subsequent time by leave of court. The court was doubtless satisfied that the party was acting in good faith, or it would not have permitted the amendment to be filed.

Judgment affirmed.