SARAH J. CONDON

*v.*

JAMES W. BROCKWAY *et al.*

*Filed at Ottawa April 1, 1895—Rehearing denied October 15, 1895.*

1. APPEALS AND ERRORS—*continuance of cause discretionary with trial court.* The exercise of the discretion of the trial court in deciding a motion for a continuance will not be reviewed by an appellate tribunal, unless the discretion has been manifestly abused.

2. SAME—*objection to secondary evidence must be made below.* An objection that secondary evidence was admitted cannot be made for the first time on appeal, although judgment was taken by default, where the appellant had been duly served with process.

3. SAME—*presumption, on appeal, that instructions were given in writing.* A presumption that instructions were given in writing will be indulged on appeal, where necessary to support the action of the lower court, if there is nothing to show that they were oral.

4. LANDLORD AND TENANT—*mere holding over does not renew tenancy.* The mere holding over by a tenant after expiration of the term does not renew the tenancy, except at the landlord's election.

*Condon* v. *Brockway,* 50 Ill. App. 625, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge; presiding.

ALLAN C. STORY, for appellant:

Where a tenant holds over after the expiration of the term of his lease, it will be construed as being for another term of the same length of time and upon the same terms, as to amount of rent and time of payment, unless some act of one or both parties is shown to rebut such presumption. *Prickett* v. *Ritter,* 16 Ill. 96; *McKinney* v. *Peck,* 28 id. 174; *Clapp* v. *Noble,* 84 id. 62; *Field* v. *Herrick,* 14 Ill. App. 181.

Instructing a jury orally is a violation of the statutes. *Railroad Co.* v. *Hammer,* 85 Ill. 526.

F. H. TRUDE, for appellees.

Mr. JUSTICE BAKER delivered the opinion of the court:

This was forcible detainer brought by appellees, against appellant, on May 8, 1893, before a justice of the peace, to recover possession of certain premises in the city of Chicago. On May 16, 1893, there was a trial, and judgment for appellees. On May 18 appellant filed an appeal bond with the justice, and on May 22 perfected her appeal to the Superior Court of Cook county, by filing therein the papers in the case. The following day, May 23, and more than ten days before the first day of the June term, 1893, of the Superior Court, appellees filed their appearance. On June 6, it being the second day of the June term, affidavit and notice to place the cause for trial on the short cause calendar were served on appellant. On June 7 the cause was, by stipulation of parties, continued for one week, or until June 26, 1893, and on June 24 Allan C. Story filed his written appearance in the case as attorney for appellant. The cause was reached for trial on July 10, 1893, and thereupon one Westover, an attorney at law, moved the court for a continuance of the case on account of Story's illness and inability to attend court. The motion was based on the affidavits of Story, of appellant, and William H. Condon, a brother of appellant, who is an attorney at law and who appeared as attorney for her in the trial before the justice of the peace. The court denied the motion, and ordered the cause to proceed to trial. Thereupon Westover, as representative of Story, excepted to the ruling of the court and filed an exception. He, however, refused to make any appearance during the trial of the cause and refused to take any part therein. The cause was submitted to a jury, and the jury, after hearing the evidence, returned a verdict for appellees, who were the plaintiffs below. Then Westover again appeared, as representative of Story, and moved to set aside the verdict and for a new trial. But the court overruled the

motion for a new trial and rendered judgment on the
verdict, and for the restitution of the premises described
in the complaint.     The judgment was afterwards, on
appeal, affirmed in the Appellate Court.

A motion for a continuance, except where it is based
on a statutory cause, is addressed to the sound judicial
discretion of the trial court, and the exercise of such
discretion will not be interfered with by the appellate
tribunals unless there has been a manifest abuse of such
discretion.     In *Jarvis* v. *Shacklock*, 60 Ill. 378, it was held
that the motion for a continuance on account of the ill-
ness of counsel was properly overruled, and the decision
was put on the ground that the evidence was in a small
compass, and a few minutes' conversation between the
defendant and counsel would have enabled any practic-
ing lawyer to properly try the case.     In *Graff* v. *Brown*,
85 Ill. 89, it was held that where there is but a single
issue of fact to be tried, and it is not complicated, and no
question of law requiring an average lawyer to spend
much time in investigating, the absence of the principal
counsel and the illness of the assistant counsel afford no
sufficient ground for a continuance, where it is not shown
that other competent counsel could not have been em-
ployed by reasonable effort.     In the case at bar, the affi-
davits of appellant and of William H. Condon were sworn
to on the 10th day of July, 1893, before the clerk of the
court, and so it must be presumed that they were both
present in court when the cause was called for trial on
that day.     It does not appear that any effort was made
to employ other counsel, or that such counsel could not
easily have been secured, and no reason is perceived why
appellant and her brother, who was an attorney and had
presented her defense at the former trial, could not
within a short time have advised such counsel in regard
to the facts of the case and the nature of the claimed
defense to the action.     It is not shown by the affidavits
that the facts involved were either numerous or compli-

cated, or that there was anything in them or in the theory of the defense that required examination or preparation for the adequate presentation of appellant's case. We are unable to say, from the record, that there was an abuse of the discretion with which the law clothed the trial court.

It is contended that incompetent evidence was permitted to go to the jury, and that the entire evidence introduced was insufficient to support the verdict. One claim is, that Brockway was improperly permitted to testify to the contents of the written lease to Patrick Condon, giving its terms and the date of its termination, and also to testify to the assignments of the lease, and the extension of the lease to April 30, 1893, and the payment of rent under such extension. The rule is, that the action of the court in admitting evidence is open to review only when the record shows that an objection to the testimony introduced was taken and overruled. It is well settled that secondary evidence may always be received upon the trial of an issue, unless objected to on that ground at the time it is given or offered, so that the objection may be obviated by further testimony. (*Brush* v. *Seguin,* 24 Ill. 254; *Walsh* v. *Wright,* 101 id. 178.) Where no objection is made at the trial to proving a fact in a certain way, which may be incompetent, it cannot be urged on appeal or error. (*Gillett* v. *Booth,* 95 Ill. 183.) And in *Hannas* v. *Hannas,* 110 Ill. 53, it was held, that where a party is duly served with process he is theoretically in court, although defaulted, and where secondary evidence has been admitted against him in the trial court, without objection to such admission, it cannot be assigned as error in a court of review.

Appellant did not surrender possession upon the termination of the extension of the lease, on April 30, 1893. This suit was not commenced until May 8, 1893. Her mere holding over after the expiration of her term did not have the effect of renewing her tenancy for another

year. Where a tenant for a year or for years holds over after the term expires; without any new agreement, the landlord, at his election, may treat such tenant as a trespasser, or as a tenant for another year upon the same terms as in the original lease. But no such right of election belongs to the tenant. (*Clinton Wire Cloth Co.* v. *Gardner*, 99 Ill. 151; *Keegan* v. *Kinnare*, 123 id. 280.) And under the statute now in force (chap. 57, sec. 2, clause 4,) a demand for possession before bringing an action of forcible detainer against a tenant holding over is not necessary.

It is claimed that the court, in disregard of the positive inhibition of the statute, instructed the jury orally. The record does not warrant this claim. All that therein appears in that behalf are certain statements found in the bill of exceptions, which are as follows : "The court instructs the jury to find the defendant guilty of forcible entry and detainer. Under the said instructions of the court the jury, without retiring from their seats, rendered a verdict finding the defendant guilty of forcible entry and detainer of the premises described in the complaint." It does not appear whether "the said instructions of the court" were oral or in writing. If necessary to support the validity of the action of the court it will be presumed that they were in writing.

We find no substantial error in the record. The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*