## Ebin J. Ward, Mayor, etc., v. I. J. Cook.

1. Mandamus—*The Right to it Must be Clear.*—Before a person claiming to be an officer is entitled to the writ of mandamus he must show a clear right to it, and will be required to prove that he was, either *de jure* or *de facto*, the officer he claims to be.

2. Same—*A City Marshal, When Entitled.*—A city marshal, before he is entitled to a mandamus and the emoluments of his office, must produce in evidence an ordinance passed by a two-thirds vote of the city council providing for his election or appointment as required by Sec. 2 of Art. 6, Chap. 24, R. S. (Hurd's Statutes 1897, p. 274).

3. City Marshal—*Office Must be Created by Ordinance.*—Under Sec. 2 of Art. 6, Chap. 24, R. S. (Hurd's Statutes 1897, p. 274), there can be no such office as city marshal in cities incorporated under the general law until the passage of an ordinance providing for his election or appointment.

4. Cities—*Powers of the City Council in Paying Salaries.*—A city council exceeds its powers by appropriating money to pay the salary of an officer having no legal existence, and the mayor can not be required to sign treasury warrants for services performed by an acting officer where the office does not exist.

Mandamus, to compel a mayor to sign warrants for a marshal's salary. Trial in the Circuit Court of La Salle County; the Hon. Charles Blanchard, Judge, presiding. Finding and judgment for relator. Appeal by respondent. Heard in this court at the May term, 1898. Reversed. Opinion filed September 26, 1898.

McDougall & Chapman, attorneys for appellant.

A petition for mandamus must show on its face a clear right to the relief demanded, and it must distinctly set forth all the material facts on which the relator relies, so that the same may be admitted or traversed. Moses on Mandamus, 19; Meachem on Public Offices and Officers, Section 331; Canal Trustees v. The People, 12 Ill. 248; The People ex rel. Glann, 70 Ill. 232; Springfield & Ill. S. E. Ry. Co. v. County Clerk, 74 Ill. 27; The People v. Davis et al., 93 Ill. 133; Lavalle v. Soucy, 96 Ill. 467; The People ex rel. v. Village of Crotty, 93 Ill. 180; Amos et al. v. Burrus, 11 Ill. App. 383; Hoxey v. County Commissioners, 25 Maine, 333.

A writ will not be issued to enforce a doubtful right nor

where the legal right is not clear and certain. Meachem on Public Offices and Officers, Sec. 331.

The party applying for the writ must show by his application that all the conditions exist which are necessary to create the duty. Meachem on Public Offices and Officers, Sec. 331.

An office which has no legal existence at the time of the transaction upon which a question arises can not confer upon a person claiming to act by virtue thereof the character of an officer *de facto*. Throop on Public Officers, Section 639.

In order to maintain an action against a municipal corporation to recover salary, the plaintiff must be an officer *de jure*. One who is an officer *de facto* only can not recover. Throop on Public Officers, Sec. 510; Ib. Sec. 517; Wayne County v. Benoit, 20 Mich. 176; Meachem on Public Offices and Officers, Sec. 331.

In an action brought to recover the salary and emoluments of a public office, the title of the plaintiff to the office is put in issue. Throop on Public Offices and Officers, Sec. 517, 518; Matthews v. Supervisors, 53 Miss. 715; Kimball v. Alcorn, 45 Miss. 151; Dolan v. Mayor, 68 N. Y. 274; People v. Potter, 63 Cal. 127.

A *de facto* officer can not maintain an action to recover the salary of the office. Meehan v. Hudson, 46 N. J. L. 276; Matthews v. Supervisors, 53 Miss. 715; Christian v. Gibbs, 53 Miss. 314; Commonwealth v. Slifer, 25 Pa. St. 23; Riddle v. Bedford, 7 S. & R. 386; Mayfield v. Moore, 53 Ill. 428; McCue v. Wapello County, 56 Iowa, 698; People v. Potter, 63 Cal. 127; Meagher v. Story County, 5 Nev. 244; Kimball v. Alcorn, 45 Miss. 151.

A person who sues to recover from a municipality the salary or other emoluments attached to an office which he claims to hold, must, if his right to the salary is put in issue, show not only that he acted as such officer, but also that he did so as an officer *de jure*. Throop on Public Officers, Sec. 661.

When a person sets up title to property by virtue of an

office and comes into court to recover it, he must show an unquestionable title.   People v. Nostrand, 46 N. Y. 383.

· When an officer seeks to recover fees or emoluments, he must show his right to the possession of the office.   McCue' v. County of Wapello, 56 Iowa, 698.

It is therefore a rule of law that when an officer seeks to recover the emoluments of an office, he must show his right to the possession of the office.   Actual incumbency merely, gives no right of recovery.   People v. Potter, 63 Cal. 127.

The right of the party claiming the writ of mandamus must be clear and certain, absolute and positive, perfect and complete, and every material fact necessary to show the plain duty of the respondent to act in the premises must be set forth by the party seeking to compel the performance of the act.   High on Extraordinary Legal Remedies, Sec. 9–550; People v. Salmon, 46 Ill. 415; County of St. Clair v. People, 85 Ill. 396; Supervisors v. People, 110 Ill. 577; Hall v. People, 57 Ill. 316; People v. City of Elgin, 66 Ill. 507.

Section 12 of Article 3, Chapter 24, of Revised Statutes of Illinois, entitled Cities, provides, in referring to city councils, "It shall keep a journal of its own proceedings."

P. McARTHUR and SAMUEL P. HALL, attorneys for appellee, contended that a common law writ of mandamus could only be obtained where there was no adequate remedy at law, and where without it there would be a failure of justice.   But by the force of the statute of this State a proceeding for a writ of mandamus shall not be dismissed nor the writ denied because a petitioner may have another specific remedy, where such writ will afford a proper and sufficient remedy.   Where the statute provides a means for compelling an officer to perform his duty, it does not interfere with the common law right already given, but creates an additional remedy.   2d Vol. Shinn's Pleading & Practice, p. 1295; Brokaw v. Comm'rs of Highways, etc., 130 Ill. 482; The Ohio & Miss. R. R. Co. v. The People ex rel., etc., 121

Ill. 483; The People ex rel. v. The Village of Crotty, 93 Ill. 180.

Whenever the law imposes an absolute duty upon the municipal corporation or officer, of which there is a neglect or refusal to perform, mandamus is a proper remedy to compel it. City of Chicago v. Sansum, 87 Ill. 182; The City of Olney v. Harvey & Boyd, 50 Ill. 453; The A. & Eng. Encyclopædia of Law, Vol. 14, p. 165, Sec. 1.

Where, by the regulations of a municipal corporation, money in its treasury can only be drawn upon an order signed by a city officer, and the duty of such officer in respect thereto is wholly ministerial, mandamus will issue to compel such officer to sign such order for a sum of money appropriated to pay a claim by the body intrusted, within such municipality, with the power of appropriation. Vol. 14 A. & Eng. Encyclopædia of Law, p. 179; Jack v. Moore, 66 Ala. 184; People v. Green, 56 N. Y. 466; State v. Richter, 37 Wis. 275; Apgar v. Trustees, 5 Vroom (N. J.), 308; Ryan v. Hoffman, 26 Ohio St. 109; State v. Ames, 31 Minn. 440.

Where a duty exists in a city to pay a specific and ascertained charge, it would be injustice to both parties, debtor and creditor, to permit or require a suit at law when the judgment can not be collected by an execution. The township should not be put to useless expense by the fault of its officers, and the creditor ought not to be put to the delay or expense of suit. Marathon v. Oregon, 8 Mich. 378; Harrington v. Coal Comm'rs of Berkshire, 22 Pick. (Mass.) 263.

A claim for a certain ascertained amount, its allowance and auditing by the city council, is equivalent to a judgment at law, and a mandamus will lie to enforce its payment. Kelly v. Wimberly, 61 Miss. 548; State v. Hayns (N. J.), 11 Atl. Reporter, 151; State v. Ames, 21 Minn. 440; School District v. Root, 61 Mich. 373; The People ex rel. Anderson v. Township Board of La Grange, 2 Mich. 187.

The right to an office will not be settled by a mandamus proceeding. North v. The People, 139 Ill. 101; Waterman

v. The C. & I. Ry. Co., 139 Ill. 669; Roodhouse v. Jennings, 29 Ill. App. 52; School District v. Root, 61 Mich. 373.

In a collateral proceeding of this sort the courts do not look at irregularities. The City of Olney v. Harvey et al., 50 Ill. 453.

As the office of city marshal is created by the city council of the city the existence of the office may well be presumed from recognition by the city. Catlett v. The People ex rel., 151 Ill. 24; Jamieson et al. v. The People, etc., 16 Ill. 257; Brush v. Blanchard, 19 Ill. 37; The People v. Thurber, 13 Ill. 554; The Am. & Eng. Encyclopædia of Law, Vol. 15, p. 1046, Sec. 5.

The discretion of municipal corporations within the sphere of their powers is as wide as that possessed by the government of a State. This discretion is to be recognized according to the judgment of the corporation as to the necessity or expediency of any given measure. The General Assembly is a co-ordinate branch of the State government, and so is the law-making power of a municipal corporation within the prescribed limits. It is no more competent for the judiciary to interfere with the legislative acts of one than the other. Where, therefore, municipal corporations or their officers are acting within well regulated powers or exercising a discretionary power, the courts are wholly unwarranted in interfering unless fraud is shown or the power or discretion is being manifestly abused to the oppression of the citizens. Am. & Eng. Encyclopædia of Law, Vol. 15, p. 1046, Sec. 5.

Mr. Justice WRIGHT delivered the opinion of the court.

On May 7, 1896, appellee was appointed city marshal of the city of Marseilles, La Salle county, by George L. Smith, then mayor of the city, and his appointment was confirmed by the city council. He then qualified as such officer by giving bond and taking the oath of office. He was paid for his services from that time to the first of May, 1897, by warrants, drawn by order of the city council upon the city treasurer, at the rate of $50 per month. Appellant

having been elected mayor of said city, was installed in said office in the month of May, 1897, and thereafter the city council, from time to time, ordered warrants to issue to appellant for his alleged salary, at $50 per month, for May, June, July, August and September, 1897, which warrants appellant as such mayor refused to sign. Appellant at no time appointed appellee as marshal. Appellant introduced in evidence an ordinance passed and approved May 7, 1897, for the appointment by the mayor, to be confirmed by the council, of a city marshal, and a repeal thereof on August 2, 1897. No appointment or confirmation of a marshal appears from the evidence to have ever been made thereunder.

Petition was filed by appellee against appellant for a writ of mandamus to compel him, as such mayor, to sign the warrants above mentioned, to which appellant filed answer; and on the hearing, the facts above stated, and others which we regard as immaterial to this decision, appeared from the pleading and evidence. The court found the issues for the appellee, and gave judgment against appellant awarding the peremptory writ of mandamus requiring him to sign the warrants, from which judgment he prosecutes this appeal.

Before the appellee was entitled to the writ of mandamus he was required by the well settled and elementary rules of the law to show a clear right to it. He was therefore required to prove that he was either *de jure* or *de facto* the city marshal of Marseilles, before he would be entitled to the emoluments thereof. To make this proof it was necessary that he should produce in evidence an ordinance passed by a two-thirds vote of the city council of the city of Marseilles, providing for the election or appointment of a city marshal as required by section 2 of article 6, chapter 24, Revised Statutes. This he has failed to do. In truth there is no claim such ordinance was ever in existence, except during the interval between May 7, 1897, and August, 2, 1897, under which appellee neither claims title nor authority. Under the section of the statute to which we have referred, there can be no such office as city mar-

shal in the city of Marseilles until the passage of the ordinance therein provided. At the time of his appointment and confirmation, May 7, 1896, there could be no *de jure* city marshal because there was no such office to fill, and where there is no office to fill, there can be no officer either *de jure* or *de facto*. Norton v. Shelby County, 118 U. S. 425, and cases cited.

The city council therefore exceeded their powers by appropriating money and ordering warrants to pay the salary of an officer having no legal existence, and the mayor could not properly be required to sign treasury warrants for services performed by an acting officer when there could be no real officer. The judgment of the Circuit Court will be reversed.

## FINDING OF FACTS TO BE RECITED IN THE FINAL ORDER OF THE COURT.

The court finds as facts from the evidence in this case that at the time appellee claims he was appointed city marshal of the city of Marseilles, no such officer was in existence in said city, nor has he ever been appointed or confirmed under any ordinance passed by the city council creating said office; that at no time during the period of time for which he claims salary was there any ordinance in force creating said office, except from May 7, 1897, to August 2, 1897, and appellee claims neither title nor authority thereunder.