### George J. Cooke Company v. John Fitzgerald.

#### Gen. No. 12,926.

1.  LANDLORD AND TENANT—*effect of hold over by latter.*   Holding over after the expiration of the tenancy does not vest in the tenant any new right or operate to extend his term.

2. Landlord and Tenant—*when demand of possession not essential.* A landlord need not demand possession before instituting a proceeding in forcible detainer where the tenant's term has expired, and this notwithstanding a subtenant is in actual possession, the possession of such subtenant being in nowise acquiésced in or consented to by the landlord.

Forcible detainer proceeding. Appeal from the County Court of Cook county; the Hon. Dwight C. Haven, Judge, presiding. Heard in this court at the March term, 1906. Reversed and remanded. Opinion filed January 7, 1907.

Alden, Latham & Young, for appellant; Fred L. Divine, of counsel.

Thomas J. Young, for appellee.

Mr. Justice Holdom delivered the opinion of the court.

This cause is the statutory action of forcible detainer, brought and prosecuted in virtue of chapter 57, R. S. of this State, and comes to this court on an appeal by complainant below from an adverse judgment against it rendered by the County Court.

In this opinion the parties, when not designated by name, will be referred to respectively as complainant and defendant.

Complainant, being lessee of the premises, 95 Sholto street in the city of Chicago, on June 23, 1905, by an agreement resting in parol with George J. Cooke, the president of the complainant company, rented to defendant the first floor for one month at a rental of thirty dollars. It was so rented to be operated as a saloon by defendant, he agreeing to sell exclusively the beer of complainant, who was a brewer of beer at Chicago. Under this agreement John Fitzgerald went into possession and commenced the operation of a saloon therein. John Fitzgerald paid the rent, thirty dollars, to John Ryan, a representative of complainant. John Fitzgerald commenced to sell complainant's beer and so continued

to do for four or five days, and then, disregarding the agreement, thereafter sold the beer of Fortune Bros. Brewing Company, competing brewers of beer with complainant at Chicago. Before the end of the month of the leasing John Fitzgerald went to Ireland, leaving his brother, Michael Fitzgerald, in possession. On July 13, 1905, a notice directed to John Fitzgerald was left with Michael Fitzgerald on the premises, 95 Sholto street, in which it was stated that the rent of the place would be two hundred dollars per month in advance, commencing July 16, 1905. As John Fitzgerald did not consent to the terms of this notice, it lacked mutuality to support it as a new contract. It therefore follows that the terms of the original tenancy were not disturbed or altered in any manner by that action. The five days' notice directed to John Fitzgerald and served on Michael Fitzgerald seeking to terminate the tenancy of John Fitzgerald for an alleged non-payment of two hundred dollars claimed to be due as rent under notice, *supra,* was equally abortive in changing the relations of the parties as they existed under the original contract of tenancy for a term of one month.

On July 24, 1905, complainant filed with a justice of the peace its complaint in the statutory form against John Fitzgerald in forcible detainer, complaining that John Fitzgerald unlawfully withheld possession of the premises known as the first floor or saloon of 95 Sholto street. In the justice court complainant prevailed. The County Court peremptorily instructed the jury to find a verdict for defendant, upon the theory that John Fitzgerald was not withholding possession, but that Michael Fitzgerald at the time the suit was instituted was in possession of the premises. Judgment was entered upon the verdict after the overruling of a motion made by complainant for a new trial, and the actions of the court in this regard are assigned for error, and a reversal sought upon this review.

It is clear that there is but one contract of lease here involved, and that is the leasing for one month to John Fitzgerald, in pursuance of which·he paid the stipulated rent of thirty dollars. At the time of the filing of the complaint with the justice that term had expired. Holding over after the expiration of the tenancy does not vest in the tenant any new right or operate to extend his term. In certain conditions the landlord may elect to treat the holding over by the tenant as operating to create a new term, but the election, under such conditions, rests with the landlord, not the tenant. Clinton Wire Cloth Co. v. Gardner, 99 Ill. 151; Keenan v. Kinnare, 123 Ill. 280.

A demand of possession by the landlord upon the tenant holding over after the expiration of the term of the tenancy is unnecessary. Suit for possession under the forcible detainer statute may be commenced without first making such demand. Condon v. Brockway, 157 Ill. 90.

It was held by this court in Frank v. Taubman, 31 Ill. App. 592: That no notice is necessary where a tenant or subtenant is holding over. This case also holds that a subtenant has no right in the premises not before held by his immediate landlord.

Under the facts appearing in this record the visible possession of Michael Fitzgerald must be held to be the constructive possession of John Fitzgerald. If he is a subtenant he can have no greater right than his immediate landlord, and such possession can in no way impair the right of complainant to invoke the remedies provided by the forcible detainer statute to obtain possession of the premises.

The fact that John Fitzgerald at the time of instituting this action was not in the physical possession of the premises in no way arrests the right of complainant from proceeding with its action or from causing a judgment for possession to be entered against him in such action. As said in Espen v. Hinchliffe, 131 Ill. 468: "If he—the tenant—has

failed to keep his covenants with the landlord, and has sublet the premises to others who are in default, why should he not be liable? * * * As between himself and his landlord, he, through others, withholds the entire premises without right."

The judgment of the County Court is reversed and the cause remanded for further proceeding not inconsistent with this opinion.

*Reversed and remanded.*