## Ira J. Cook, Appellant, v. City of Marseilles, Appellee.

### Gen. No. 4,892.

1. MUNICIPAL CORPORATIONS—*right of officials to compensation.* If a person is appointed or elected to a public office for which no salary or compensation is fixed by law, any services rendered are gratuitous and no recovery can be had therefor.

2. MUNICIPAL CORPORATIONS—*what essential to recovery of compensation by official.* In order that an official of a city or village may recover compensation for his services, he must first allege and prove a valid appointment.

3. CONSTITUTIONAL LAW—*when ordinance in violation of section 21 of article 6.* Held, that the ordinance in question in this case providing for the appointment of a village constable, was void as in violation of section 21 of article 6 of the constitution of 1870.

4. PLEADING—*when action of court in carrying back demurrer proper.* The rule that when a demurrer to a pleading has been interposed and overruled·and the party interposing the demurrer does not elect to abide by his demurrer to such pleading, but confesses that the pleading is a good pleading, then he cannot afterward if a demurrer is filed to a subsequent pleading have it carried back and sustained to the pleading to which a demurrer has been previously overruled, is subject to the exception that the court may in its discretion permit the pleading filed to be withdrawn and then may carry back the demurrer.

5. PLEADING—*when plea of res judicata insufficient.* A plea of former adjudication is insufficient where it only answers a portion of a count.

6. PLEADING—*when plea of estoppel informal.* A plea of estoppel is informal when it does not conclude that the defendant will rely upon the adjudication set up as an estoppel.

7. PRACTICE—*effect where issues are incomplete.* Notwithstanding the issues are incomplete in that no plea was filed to the common counts, the issue will be treated as complete where the parties to the cause have so treated it.

Assumpsit. Appeal from the Circuit Court of La Salle County; the Hon. EDGAR ELDREDGE, Judge, presiding. Heard in this court at the October term, 1907. Affirmed. Opinion filed March 11, 1908.

**Statement by the Court.** Ira J. Cook, appellant, began this suit in assumpsit December 13, 1899, to recover a salary or compensation for services as city marshal of the city of Marseilles from May, 1897, to September 27, 1898. The subject-matter of litigation in Ward v. Cook, 78 Ill. App., 111, was for the identical services from May to September inclusive, 1897. The original declaration consisted of seven counts. The defendant, appellee, demurred to each count. The court overruled the demurrer to the first and seventh, and sustained it to the second, third, fourth, fifth and sixth counts, and appellant elected to abide by the counts to which the demurrer was sustained. Appellant then by leave of the court filed three additional counts. Appellee filed the general issue and a special plea to the second additional count, and demurred to the first and third additional counts. This demurrer was overruled as to the first additional count and sustained as to the third, and appellant abided by his third additional count. Appellee filed a general issue, and a special plea to the first additional count. Issue was joined on the general issues to the first and third additional counts, and a demurrer was filed to the special plea to the second additional count. Appellee at a later term, with a different judge presiding, obtained leave to withdraw the general issue to the first additional count, over the objection of appellant, and the demurrer to the special plea was carried back and sustained to the first additional count to which a demurrer at a previous term had been overruled, and appellant elected to abide by his said count. Appellee then by leave of court filed an additional plea of estoppel to the second additional count. Appellant demurred to the plea of estoppel and the demurrer was overruled. Appellant filed six replications to the plea of estoppel; a demurrer was filed and sustained to all these replications but the first and second, whereupon appellant withdrew all the replications to the plea of estoppel, and obtained leave to abide by his demurrer to that plea. The case was tried before a jury on the first count of the original declaration, the second additional count and the common counts.

At the close of all the evidence the court excluded the evidence and directed a verdict for the defendant.

JAMES J. CONWAY and L. W. BREWER, for appellant.

PETER M. MACARTHUR, City Attorney, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

The appellant assigns for error the sustaining of the demurrer to the second, third, fourth, fifth and sixth counts of the original declaration, and says they were good counts, but makes no argument nor gives any reasons to sustain the counts. The second and fourth counts attempted to set up a cause of action for services as city marshal, and in neither count avers there was any ordinance of the city of Marseilles fixing any salary or compensation for such office during the time such services were rendered. The State law does not fix any salary or compensation for the office. If a person is appointed or elected to a public office for which no salary or compensation is fixed by law, any services rendered are gratuitous and no recovery can be had for such services. Bruner v. Madison County, 111 Ill., 10; 23 Am. & Eng. Encyc. (2d ed.) 390; Ward v. Cook, 78 Ill. App., 111. Each of said counts was defective in failing to allege a salary fixed by ordinance.

The third, fifth and sixth counts attempted to set up a cause of action for services as village constable. The third and fifth counts are defective for the same reason as the second and fourth, in that they do not allege any ordinance fixing the salary of a village constable, neither do they allege plaintiff's election to that office. The sixth count alleges his appointment by the mayor and trustees as village constable, and an ordinance of the village fixing the salary at $50 per month. Counsel for appellant in their brief set out a copy of an ordinance of the village of Marseilles providing for the appointment of a village constable, and state that in 1893 the village organized as

a city under the general incorporation act, and insist that the ordinances of the village for the appointment of a constable would enable appellant as marshal to draw the salary of a village constable. The ordinance was a void ordinance, since sections 11 and 12 of article XI of the city and village act authorizing the appointment of a village constable, are in violation of section 21, of article VI, of the constitution. People v. Bollam, 182 Ill. 528. The sixth count being based on a void ordinance, did not state a cause of action. The ruling of the court was correct on the demurrer to the original declaration.

It is insisted that the court erred in permitting the general issue to the first additional count to be withdrawn and then carrying the demurrer to the special plea back to that count after a demurrer to it had been overruled at a previous term by another judge.

It is a well-established rule of pleading at common law that when a demurrer to a pleading has been interposed and overruled, and the party interposing the demurrer does not elect to abide by his demurrer to such pleading but confesses that the pleading is a good pleading, then he cannot afterwards, if a demurrer is filed to a subsequent pleading, have it carried back and sustained to the pleading to which a demurrer had been previously overruled; yet to this rule there is an exception in this State. In Fort Dearborn Lodge v. Klein, 115 Ill., 177, it was said: "Nor do we agree with counsel for the appellant, that where a court has made an order either sustaining or overruling a demurrer to a pleading, such order passes beyond the control of the court. * * * We are of the opinion that under the present liberal practice the court has the power and that it is its duty at any time before trial, when it becomes satisfied that an erroneous ruling has been made with respect to the sufficiency of a pleading or other similar matter, to set aside the order and correct the error. * * * The fact that the order was made by another judge is a matter of no consequence whatever. The power of the trial judge was precisely the same as if he had made the ruling himself." Until final judg-

ment shall be rendered in the suit the whole record is before the court and an interlocutory order or judgment may be corrected at any time.   Brush v. Seguin, 24 Ill., 254; Constantine v. Foster, 57 Ill., 36; Fish v. Farwell, 160 Ill., 236; C. & A. R. R. Co. v. Harrington, 192 Ill., 9; Dowie v. Priddle, 216 Ill., 553; 6 Encyc. of Pl. and Pr., 331.   The order permitting the general issue to the first additional count to be withdrawn and carrying the demurrer to the special plea back to the said count was made February 15th and the case was called for trial April 8th.   The appellant, when the demurrer was carried back to the first additional count, elected to stand by that count, so that the action of the court in permitting the demurrer to be carried back to the count was before the case was called for trial, and was clearly within the approved practice, if the said count was so defective as not to sustain a judgment, or that it might be taken advantage of on a motion in arrest of judgment. A trial judge should not be embarrassed by trying the case upon a theory he believes unsound.   Beckstrom v. Krone, 125 Ill. App., 376.   The first additional count sought to recover upon an ordinance of the village of Marseilles providing for the appointment of a village constable, fixing the salary of such appointed village constable at $50 per month, and the appointment of appellant thereunder.   This count was bad for the same reason the sixth original count was bad.   People v. Bollam, *supra.*

The second additional count declared on an ordinance claimed to have been passed April 25, 1893, creating the office of city marshal and avers that said ordinance was "lost and omitted to be printed in the book of revised ordinances," and avers that plaintiff was appointed city marshal in 1894, in 1895, and in 1896, and alleges that in 1897 an ordinance was passed establishing the office of city marshal and fixing the salary of that office at $50 per month and that plaintiff continued to serve as marshal until September, 1898, under the appointments of 1894, 1895 and 1896, and that the city council of the city of Marseilles did each and every month from April, 1897, vote to pay

Cook v. City of Marseilles.

plaintiff $50 per month for his services, but that Eben J. Ward, mayor of said city, refused to sign said orders or warrants, and that defendant is indebted to plaintiff for said services, etc. The defendant filed the general issue to this count and a special plea which is mentioned in the record but is not copied therein, and afterwards by leave filed an additional special plea, averring that at the October term, 1898, of the LaSalle county Circuit Court the plaintiff impleaded Eben J. Ward, mayor of said defendant, in an action of mandamus to compel said Ward as such mayor to sign warrants for the months of May to September, 1897, for the same services in said count mentioned, and such proceedings were had that said Ward was ordered to sign said warrants, and that said cause was appealed to the Appellate Court of the Second District of the State of Illinois, and such proceedings were had in said Appellate Court that afterwards, by the judgment of said Appellate Court, the judgment of said Circuit Court was reversed without remanding, and it was therein adjudged that said plaintiff was not and had not been city marshal of said city of Marseilles, and was not entitled to any compensation as city marshal, which said judgment remains in full force, etc. The effect of the plea is to set up that it has been adjudicated that plaintiff was not city marshal under the appointment which he now alleges as the basis of his cause of action. As a plea of former adjudication it is insufficient as it only answers a part of the count, and as a pure plea of estoppel it is informal in that it does not conclude that defendant will rely upon such adjudication as an estoppel of the allegation that plaintiff was city marshal. The demurrer should have been sustained. City of East St. Louis v. Flannigen, 34 Ill. App., 596; 8 Encyc. of Pl. & Pr., 12.

No plea appears to have been filed to the common counts. The plaintiff having proceeded to trial on the issues joined and the common counts without a formal issue thereto, without asking for judgment for want of a plea cannot after a verdict take advantage of such failure to plead. It will be presumed the pleading was oral, and the defect is cured by

the statute of amendments. Brazzle v. Usher, Beecher's Breese, 35 ; Graham v. Dixon, 3 Scam., 115 ; Supreme Court of Honor v. Barker, 96 Ill. App., 490.

The appellant offered evidence that he had performed services for the city of Marseilles under the orders of Mayor Ward, and he was asked the question when he was appointed and commissioned marshal, but he did not offer to show such appointment by any city records, but offered to show by the records that the city council voted to pay him, to all of which objections were sustained. The records of the village of Marseilles concerning the appointment of a village constable and his duties, and the city ordinance of the city of Marseilles passed May 6, 1897, creating the office of city marshal and fixing his salary at $50 per month, were also offered in evidence, and an objection sustained. No proof of any kind was offered showing an appointment of city marshal subsequent to May 6, 1897, nor any proof offered showing any ordinance concerning the city marshal as declared upon in the second additional count, and alleged to have been passed in 1893, and averred to be lost.

None of the evidence offered was competent to prove a liability against the city for services as city marshal until proof was made of a valid appointment of city marshal by the city records and an ordinance creating the office in force at the time of the appointment. Under the remaining counts of the declaration on which the case was tried there could be no recovery upon the evidence offered, and a verdict was properly directed for the defendant. The overruling of the demurrer to the special plea was harmless error. Finding no reversible error in the case, the judgment is affirmed.

*Affirmed.*