(No. 2093—

300 WEST ADAMS STREET BUILDING CORPORATION, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed June 1, 1933.*

HARRY A. KAHN, for claimant.

OTTO KERNER, Attorney General; CARL DIETZ, Assistant Attorney General, for respondent.

Mr. Justice Linscott delivered the opinion of the court:

The plaintiff, 300 West Adams Street, Building Corporation is in Illinois Corporation, and filed its declaration on March 24, 1933, alleging that on the 18th day of April, 1927, it entered into a lease with the State of Illinois for thirteen thousand square feet on the second floor and two thousand square feet in the basement of premises known as 300 West Adams Street, Chicago, Cook County, Illinois, for the use of the Industrial Commission. The lease was to commence on the first day of May, 1927, and expire on the 30th day of April, 1929, with an optional clause on the part of the leasee, the Industrial Commission of Illinois, to renew this lease for two additional periods of two years each, at the same rental, terms and conditions as provided in the lease, a copy of which lease was marked "Exhibit A", attached to the declaration and made a part thereof. The term rental for the two year period was fixed at Fifty-five Thousand Dollars ($55,000.00), and was payable in twenty-four (24) monthly installments of Two Thousand One Hundred Sixty-six Dollars and Sixty-seven Cents ($2,166.67) per month for a space on the second floor and One Hundred Twenty-five Dollars ($125.00) per month for space in the basement.

The declaration avers that on the 1st day of November, 1928, the Industrial Commission of Illinois, by William M. Scanlan, as Chairman, notified the president of plaintiff that it had elected to renew the lease then in effect for an additional period of two years from the 18th day of April, 1929. Plaintiff avers that after the making of the lease, the Industrial Commission of Illinois took possession and occupied the premises, in accordance with the terms and provisions of the lease, and averred that the lease had been renewed for a two year period from the 18th day of April, 1929, but that the Industrial Commission of Illinois has not kept its promise and now owes the plaintiff, the sum of Thirty-eight Thousand Nine Hundred Fifty-eight Dollars and Thirty-nine Cents ($38,958.39).

It is agreed that there was a lease dated April 18, 1927, which covered a period of two years from May 1, 1927 to and including April 30, 1929, of premises used as officers by the Industrial Commission, and rent was paid from May 1, 1927, to December 3, 1929.

It appears from the facts that the State of Illinois did pay for the full time that the Industrial Commission occupied the premises, in accordance with the terms of the lease. The plaintiff insists that the State should pay for the full period of two years, being the time that the lease was renewed by William M. Scanlan, Chairman of the Industrial Commission.

Nowhere in the evidence does it appear that a confirmation of this renewal was ever made, either by the Director of the Department of Finance or the Director of the Department of Labor.

On December 3, 1929, the premises were vacated by the Commission, at the suggestion of Clarence S. Piggott, a successor to Scanlan, and on or about November 1, 1929, a lease of new quarters in the Engineer's Building in Chicago was made, and the Commission moved to the new quarters on December 3, 1929, surrendering possession of the premises at 300 West Adams Street.

No documentary evidence was available on behalf of the State in this case. A stipulation of the material facts has been made. The plaintiff sets forth its case in three propositions:

(1) The renewal of the option in the original lease by Chairman Scanlan of the Industrial Commission operated in view of all the facts and circumstances as a renewal of the lease for an additional two years period from May 1, 1929 to April 30, 1931.

(2) If such option was not legally exercised so as to bind the State, then a lease for one year from May 1, 1929, to April 30, 1930, was created by operation of law by the holding over by respondent and the payment and acceptance of monthly rent.

(3) That if a lease for one year was created by operation of law, the claimant having received no statutory notice of sixty days to terminate said lease, the respondent is liable for sixty days additional rent covering the period from May 1, 1930 to July 1, 1930.

It is a familiar principle of law that one dealing with an agent is bound to know such agent's authority.

Section 13 of Paragraph 36, Chapter 127, Smith-Hurd's Illinois Revised Statutes of 1931, gives power to the Department of Finance to make such leases in the following language: "To lease for a term not exceeding two years, office space in buildings for the use of the several departments:"

We therefore hold that the action of Chairman Scanlan was without authority and a renewal of the original lease for a period of two years was void.

We regard the second proposition as stating a legal proposition and hold that a new lease for a period of one year from May 1, 1929, to and including April 30, 1929, was created by operation of law. Claimant therefore would be entitled to rent of $2,216.67 per month for the months of December, 1929; January, February, March and April, 1930, the same being the months the State had not occupied the premises nor paid rent therefor, or a total of $11,458.35.

The courts have repeatedly held that where a tenant for years, or a year, holds over after the term fixed in the original lease has expired, without any new agreement, the landlord at his election, may treat such tenant as a trespasser, or as a tenant for another year upon the same terms and conditions set forth in the original lease.

> *Clinton Wire Cloth Co.* vs. *Gardner*, 99 Ill. 151.
> *Condon* vs. *Brockway*, 157 Ill. 90.
> *Streit* vs. *Fay*, 230 Ill. 319.

It is contended by the claimant that no statutory sixty day notice was ever given by the respondent, the State is liable for sixty days' additional rent beyond the year of the lease created by law.

From the stipulation on file, it appears that the Industrial Commission surrendered possession to the plaintiff five months prior to the expiration of the year lease created by law, and that the owner of the premises had posted rent signs and had attempted to rent the premises immediately following surrender by the tenant.

It also appears that the plaintiff had protested to the Industrial Commission when the Commission decided to change its location.

We take the view that inasmuch as the owner of the premises had at least five months' notice of the abandonment of the premises, that the proposed object of the statute requiring sixty days' notice has been complied with. Just as a lease may arise by operation of law, so may the termination of a tenancy be implied from the acts of the landlord and tenant. The landlord has not been hurt by failure on the part of the Commission to give the usual statutory notice. The law created a tenancy for another year after the expiration of the two year period because the Industrial Commission held over the original lease. This lease for one year, by operation of law, is for a time definite and certain and it is unnecessary to give the usual notice to terminate the lease.

We, therefore, hold that the plaintiff is entitled to the sum of $11,458.35 in full settlement of its claim and we recommend that the appropriation be made for that sum.