ANDREW JOHNSON

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Ottawa January 18, 1892.*

1. INSTRUCTIONS—*as to testimony of defendant in bastardy case.* An instruction for the People, in a bastardy suit, that the defendant is a competent witness, but it is left entirely with the jury to judge of his credibility as a witness, and that in judging of the credit to be given to such witness it is proper for the jury to take into consideration the probability or improbability of the truth of his statement as such witness, in view of all the testimony in the case, was objected to, for the reason the jury were not told that they were to take into consideration the manner and appearance of the witness while testifying : *Held,* that the instruction was not erroneous by reason of this omission, as it did not assume to lay down a general rule for determining the credibility of the witness.

2. SAME—*as to comparative force of prosecutrix and defendant in a bastardy case—former decision.* In a prosecution for bastardy, an instruction that both the mother of the child and the defendant are competent witnesses, and if one swears that the defendant is the father of. the child and the other that he is not, then, if they are of equal credibility, the one offsets the other, and unless further evidence given by other witnesses for the People, or circumstances proved, give the preponderance for the plaintiff, the verdict should be for the defendant, is properly refused, overruling *McFarland* v. *The People,* 72 Ill. 368.

3. SAME—*burden of proof in bastardy suit—sufficiency of evidence.* In a bastardy suit the court instructed the jury, for the defendant, that the burden of proof was upon the People, and that it was for them to prove their case by a preponderance of evidence ; and if they found the evidence bearing upon the People's case was evenly balanced, or that it preponderated in favor of the defendant, then they should find the defendant not guilty, and that they might consider the interest of the prosecutrix and of the defendant, in determining their credibility as witnesses : *Held,* that this was all that the defendant was entitled to, in respect to the evidence, to place his side of the case fairly before the jury.

4. In a bastardy suit an instruction for the People that a preponderance of evidence is sufficient to authorize a verdict against the defendant, and that when the evidence is nearly equally balanced the jury may determine where the preponderance is from the credibility of the respective witnesses, whose testimony is in conflict, is properly given.

5. EVIDENCE—*competency, a question for the court.* The question of the competency of evidence is one of law, and therefore for the court; but the question of credibility—that of worthiness of belief, and, therefore, the effect of the competent evidence of each witness—is one of fact, and for the jury, in regard to which the court is equally prohibited from expressing an opinion as in regard to any other question of fact.

6. SAME—*admissibility of conversation with prosecutrix in bastardy case.* On the trial of a bastardy suit, defendant offered to prove that some time before, the prosecuting witness stated in a conversation that it was necessary for girls to get in the family way in order to compel some young man to marry them, which the court refused. The attention of the prosecutrix was not called to such conversation : *Held,* that the proposed testimony was not admissible as impeaching evidence, and that as original evidence it was too remote from the question at issue. Admitting such evidence to be true, it had no direct tendency to disprove the charge.

7. WITNESS—*demeanor on the stand—instruction concerning.* A witness is presumed to testify truly, and to properly demean himself while upon the stand, until the contrary is made to appear; and if counsel wish to strengthen the effect of the testimony of a witness by reference to his demeanor while on the stand, he should himself ask the proper instruction. The failure to make reference to the demeanor of a witness is no reflection upon his testimony.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county; the Hon. A. N. WATERMAN, Judge, presiding.

Mr. E. W. ADKINSON, for the appellant.

Mr. FRED H. ATWOOD, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

Appellant was convicted, by the judgment of the circuit court, of bastardy. There is ample evidence in the record, introduced on behalf of the People, to sustain this judgment, unless it is overcome by other evidence in the record, introduced on behalf of appellant, and whether it is thus overcome is purely a question for the jury. Our inquiry is therefore limited to the correctness of the rulings of the circuit court

in admitting and excluding evidence and giving and refusing instructions, errors of law in no other respect being complained of.

It is contended that the court erred in refusing to give the following instruction:

"10. The court instructs the jury, that in this case both the mother of the child and the defendant are competent witnesses, and if one swears that the defendant is the father of the child, and the other that he is not, then, if they are of equal credibility, the one offsets the other, and unless further evidence given by other witnesses for the People, or circumstances proved, give the preponderance for the plaintiff, your verdict should be for the defendant."

Although in *McFarland* v. *The People*, 72 Ill. 368, the writer of this opinion expressed the belief that a similar instruction was free from legal objection, his remarks in that respect were unnecessary to a determination of the case then before the court, and they were made without sufficient consideration, and are manifestly inaccurate. They are now overruled. The question of *competency* is one of law, and therefore for the court; but the question of *credibility*—that is, of worthiness of belief, and therefore the effect of the competent evidence of each witness,—is one of fact, and for the jury, and in regard to which the court is equally prohibited from expressing an opinion as in regard to any other question of fact. Moreover, the court gave to the jury the following instructions, which were all that the appellant was entitled to have given, in this respect, to place his side of the case fairly before the jury:

"1. The court instructs the jury, as a matter of law, that the burden of proof in this case is upon the People, and it is for them to prove their case by a preponderance of evidence. If you find the evidence bearing upon the People's case is evenly balanced, or that it preponderates in favor of the de-

fendant, then the People can not recover, and you should find the defendant not guilty.

"9. The jury are instructed that the relatrix in this case is interested in the event of this case and that the defendant is interested, and the interest of these parties may be considered in determining their credibility as witnesses."

And another instruction, given at the instance of appellant, pointed out specifically all the circumstances proper for the consideration of the jury, which, in legal estimation, might have any effect in derogating from the weight of the evidence of the relatrix.

It is objected that the court erred in giving the following instruction at the instance of the People:

"The court instructs the jury, that by the laws of this State the defendant, Johnson, is made a competent witness upon the trial in this case, but it is left entirely with the jury to judge of his credibility as such witness; and in judging of the credit to be given to such witness, it is proper for the jury to take into consideration the probability or improbability of the truth of his statements as such witness, in view of all the testimony in the case."

The ground of the objection urged is, that the jury are not told that they are to take into consideration the manner and appearance of the witness while testifying. But this instruction does not assume to lay down a general rule for determining the credibility of the witness. It simply calls attention to a circumstance that may legitimately affect the testimony of the witness, either sustaining or depreciating it, which is proper for the consideration of the jury, and that is done fairly to each side. A witness is presumed to testify truly, and to demean himself, while upon the stand, in a manner to excite no adverse criticism, until the contrary is made to appear; and if counsel wish to strengthen the effect of the testimony of a witness by reference to his demeanor while upon the

stand, they should themselves ask the proper instruction. It is no reflection upon the testimony of a witness that no reference is made to his demeanor while upon the stand.

It is objected that the court, in the fourth instruction given at the instance of the People, told the jury, that although the evidence preponderates in favor of the defendant, yet if it is nearly equally balanced, they may find for the plaintiff on the credibility of the witnesses. That is not a fair statement of the meaning of the instruction. The instruction announces two propositions: First, that a preponderance of the evidence is sufficient to authorize a verdict against appellant; and second, that where the evidence is nearly equally balanced, the jury may determine where the preponderance is from the credibility of the respective witnesses whose testimony is in conflict. No objection is perceived to the correctness of either proposition.

On the trial, Oscar Johnson, a witness for appellant, was asked, "Did you hear her (relatrix) say anything during the summer of 1888, have any talk about girls in the family way?" On objection, the court refused to allow the witness to answer the question. The defendant then offered to prove by the witness that Anna Peel, the complaining witness, during the month of July, 1888, or thereabouts, stated in conversation among the witnesses, another lady and another gentleman, that it was necessary for girls to get in the family way in order to compel some young man to marry them; but the court, on objection, refused to allow this evidence to be given to the jury. Appellant insists this was error. The attention of the relatrix was not, during her examination as a witness, called to the testimony thus proposed to be given, and she gave no testimony, upon her examination, in that respect. It was therefore inadmissible for the purpose of impeaching the relatrix, (*Regnier* v. *Cabot,* 2 Gilm. 34,) and as original evidence it was too remote from the question at issue. Admitting it to be true has no direct tendency to disprove the guilt she charged. *Holcomb* v. *The People,* 79 Ill. 409.

Other objections are discussed in the printed arguments before us, but we deem them untenable, and not of sufficient importance to merit an answer.

We find no such error in the record as, in our opinion, requires a reversal of the judgment below.   It is therefore affirmed.   *Judgment affirmed.*