Lasher v. Colton.

---

## Charles W. Lasher v. Samuel K. Colton, Adm'r.

1. WITNESSES—*Unimpeached Credibility, etc.*—It is not true, as a matter of law, that unimpeached witnesses are of equal credibility. Such credibility is always a question of fact.

2. INSTRUCTIONS—*When to be Accurate.*—When the question at issue is one of fact, and close, upon the evidence, the jury should be instructed with care upon the law applicable to the proofs.

**Assumpsit**, for services of an architect. Trial in the Circuit Court of Cook County; the Hon. CHARLES G. NEELY, Judge, presiding. Verdict and judgment for plaintiff. Appeal by defendant. Heard in this court at the March term, 1898. Reversed and remanded. Opinion filed January 24, 1899.

WILLIAM R. EVERETT, attorney for appellant.

WILSON & ZOOK, attorneys for appellee.

MR. JUSTICE SHEPARD delivered the opinion of the court.

This appeal is from the judgment rendered in a suit begun below by appellee's intestate, A. M. F. Colton, to recover for services claimed to have been rendered by him as an architect for appellant.

The appearance of appellee was entered in this court, but

no briefs have been filed upon his behalf, and it has devolved upon us, without assistance from him, to determine whether or not his judgment may stand.

The defense to the action at the trial was two-fold, a special contract, and a partnership between the original plaintiff and his son, the appellee, in his individual capacity, and there was evidence tending to sustain each defense; and we may add that, especially as to the latter, the question of fact, under the evidence, was a very close one. The jury should, therefore, have been instructed with care, if at all, upon the law applicable to the evidence.

The first and second instructions given on behalf of appellee were as follows:

"1. If the jury believe from the evidence in this case that A. M. F. Colton performed the services as architect and superintendent for defendant, and claimed on behalf of the estate, then the jury must find for the plaintiff and assess his damages at such sum as the evidence shows the services were reasonably worth at that time less the sum of $650, admitted to have been paid on account; unless the jury further believe from the evidence that a definite agreement was made between said A. M. F. Colton and the defendant Lasher, as to Colton's compensation for his services as such architect and superintendent; and the court instructs the jury that the burden of proving such agreement for a definite compensation is on the defendant, and he must show it by a preponderance of the evidence."

"2. The jury are instructed that under the written contracts, and other evidence offered in this case, A. M. F. Colton could not, nor can his estate now, be held responsible for any imperfections found in the materials furnished or work performed under any such contracts, unless such imperfections were fraudulently accepted by said Colton; and the jury are instructed that no such fraud was shown by the evidence in this case."

The insistence of appellant, from the beginning of the suit, was that the work was done by the partnership, A. M. F. Colton & Son, and not by A. M. F. Colton, and as already said, the evidence in that regard was conflicting and very close. It was, therefore, harmful error to ignore the question of whether the work was done by the partnership.

And it was particularly calculated to impress the jury that the court did not regard the question of partnership as being involved in the case, when we consider the contrary rulings of the court upon that question, because of the absence of a special plea of non-joinder.

The second instruction, stating, in effect, it was only in cases of a fraudulent acceptance of imperfect materials or work that the architect would be responsible, was bad.

A negligent disregard of an architect's duty in such respects would be as effectual a defense as a fraudulent one, and it was quite too severe an application of the law to say that he was responsible only for actual fraud committed by him.    And the instruction should have stated the law correctly, because of one aspect of the defense that the evidence tended to show, of negligence by the architect concerning the materials and work furnished and done by one contractor, the Interior Building Company.

The instruction, likewise, ignored the defense, already sufficiently spoken of, concerning the non-joinder in the suit of the " son," whom the evidence tended strongly to show was a partner with the sole plaintiff, A. M. F. Colton, in the work.

We do not see that the errors mentioned were cured by any other instruction; nor do we regard the fact that certain special interrogatories propounded to the jury, concerning matters omitted in the instructions, would in any respect obviate the necessity of proper instructions.

If there be other errors in the record than we have pointed out, they are such as may be readily seen from what we have said, and easily avoided upon another trial.

Appellant submits the question if there was not error in the refusal of one of his requested instructions, and we will take time to explain that there was not.   The refused instruction was as follows :

" The court instructs the jury that the burden of proof in this case is upon the plaintiff, and any matter asserted by one party and denied by the other can only be proved in law by preponderance of the evidence, and in this case, if the jury find from the evidence that the plaintiff has proved

the alleged contract by only one of the witnesses, and that the contract has been denied by one witness of equal credibility and means of knowledge, then, as a matter of law, such contract has not been proved, unless in the minds of the jury there have been facts or circumstances proved corroborating the plaintiff's witnesses sufficient to outweigh the testimony on the part of the defendant."

The legal principle asserted in the foregoing, that unimpeached witnesses are of equal credibility, and when equally opposed to one another the affirmative side of the case must fail, would be correct, if McFarland v. The People, 72 Ill. 368, where it was upheld, had not been overruled. After that decision, a former judge of this court—Mr. Justice Waterman—when sitting in the Criminal Court, declined to follow it. Thereupon the question arose once more in the Supreme Court (Johnson v. The People, 140 Ill. 350), where Mr. Justice Schofield, who wrote the opinion in the McFarland case, again wrote upon the question, and, with the frankness and fairness characteristic of a great mind, condemned his earlier opinion, and the court overruled the McFarland case. Subsequently, this court, in Hanke v. Cobiskey, 57 Ill. App. 267, following the Johnson case, held, "it is not true, as a matter of law, that unimpeached witnesses are of equal credibility, but the credibility of witnesses is always a question of fact."

We observe no other matter needing mention, and therefore, first regretting that the appellee did not see fit to aid us by filing briefs here, to his possible advantage, we reverse the judgment and remand the cause for the errors pointed out.    Reversed and remanded.