# Henry Holmes, et al. v. Theodore Horn.

## Gen. No. 4,477.

1.  CONSIDERATION—*parol evidence competent to establish, of a written instrument.* It is competent to show by parol the true consideration of a promissory note.

2.  CONSIDERATION—*burden of proof to impeach.* The burden of proof to impeach the consideration of an instrument in suit, is upon the defendant.

3.  PRIVILEGED COMMUNICATIONS—*what constitutes.* Information obtained by an attorney from his client is privileged and it is error to permit him to testify thereto over the objection of the client.

4.  PREPONDERANCE OF EVIDENCE—*when instruction upon, erroneous.* An instruction is erroneous which lays down the rule that if two witnesses of equal credibility testify directly opposite to each other on a question of fact, that the party holding the affirmative of the proposition would not have a preponderance of the evidence.

5.  PROMISSORY NOTE—*what establishes prima facie case in suit on.* The introduction in evidence of a promissory note establishes a *prima facie* case.

Action of assumpsit. Error to the Circuit Court of LaSalle County; the Hon. RICHARD M. SKINNER, Judge, presiding. Heard in this court at the October term, 1904. Reversed and remanded. Opinion filed April 25, 1905.

E. L. PERSONS and HUTTMANN, BUTTERS & CARR, for plaintiffs in error.

DUNCAN, DOYLE & O'CONOR, for defendant in error.

MR. JUSTICE VICKERS delivered the opinion of the court.

On July 23, 1877, Theodore Horn executed his promissory note, due in sixty-five days, payable to the order of Henry Holmes, Henry Walther and Samuel Dreifus, for the sum of $2,000, with six per cent. interest from date. The present suit is upon that note.

A stipulation was entered into permitting both parties to introduce any competent evidence that might be introduced under a proper count in the declaration or properly drawn pleas. A trial was had which resulted in a verdict for defendant in error. After overruling a motion for a new trial, the Circuit Court rendered judgment against

plaintiffs in error for costs, to reverse which this writ of error is sued out.

The principal errors relied upon to reverse this judgment are, that the court admitted improper evidence on behalf of defendant in error, and that the court erred in giving instructions.

The evidence tends to show that defendant in error had contracted to erect a large building in the city of Ottawa for Sherwood, and that he entered into a bond for the faithful performance of his contract, with Holmes, Walther and Dreifus as his sureties. The bond purports to have been executed three days before the date of the note.

Plaintiffs in error contend that the note was given for $2,000 borrowed money, while defendant in error contends that the note was executed to plaintiffs in error as a sort of indemnity to secure the plaintiffs in error as sureties on his bond.

Inasmuch as this judgment must be reversed, for the errors hereinafter pointed out, we will not discuss the evidence bearing upon these respective contentions of the parties, and will only refer to it for the purpose of determining the admissibility of certain testimony that was offered by defendant in error.

Plaintiffs in error contend that the court erred in admitting evidence tending to show that the true consideration for this note was to secure them as sureties upon this bond. This contention is based upon the well-known rule that parol evidence cannot be received for the purpose of varying or contradicting the terms of a written instrument; this contention cannot be sustained.

Our statute provides that where the consideration upon which a note was made or entered into has wholly or in part failed, or where there was a want of consideration, the defendant may plead such defense, and if it appear that such note was entered into without a good or valid consideration, or that the consideration has wholly or in part failed, judgment shall be given accordingly. Chapter 98. sec. 9, R. S. of Illinois.

In view of the stipulation upon which this case was tried

all relevant evidence that is otherwise free from objection, which tended to show the true consideration for this note, was properly admitted. Taft v. Myerscough, 92 Ill. App. 560; Bullen v. Morrison, 98 Ill. App. 669, and cases there cited.

The note in question was a judgment note, and on which a judgment had been confessed shortly after the note became due. This judgment remained of record from 1877 until 1903, when it was opened up for the purpose of permitting defendant in error to plead.

At the time the confession of the judgment was entered D. McDougall was attorney for plaintiffs in error in said suit; his name appears as attorney to the declaration. On the trial of this case, Mr. McDougall was introduced as a witness by defendant in error, and among other things testified, over the objection of plaintiffs in error, as follows :

" Q. What was the purpose of entering judgment on the note ? A. My best recollection is, that it was entered for the purpose of protecting the sureties upon the bond of Theodore Horn to Frederick A. Sherwood on a building contract."

Previous to the above answer, plaintiffs in error had objected to Mr. McDougall's testifying to anything that may have come to him by virtue of his relation as attorney for plaintiffs in error; this objection was overruled, the court holding that the privilege merely extended to the witness.

The admission of this evidence was erroneous. Mr. McDougall having been attorney for plaintiffs in error, any information that he may have received from his clients as to the purpose in entering judgment on this note is a privileged communication, and the privilege may be invoked for the protection of the client's interest. If the information upon which this answer is based came to the witness from any other source than the parties to the suit, then the evidence is clearly hearsay, and should, for that reason, have been excluded; this evidence had a direct bearing upon the issue being tried respecting the consideration for this note. The jury would very naturally conclude that if the purpose in entering judgment was to protect the interests of plaintiffs in error as sureties on this bond, that

the consideration for the note was to indemnify them as such sureties.

At the request of defendant in error, the court gave the jury the following instruction:

"The jury are instructed that the burden of proof in this class of cases is always upon the party holding the affirmative; and any material matter asserted by one party and denied by the other can only be proved in law by a preponderance of the evidence; and in this case if the jury find from the evidence that the plaintiff has proved that he loaned the defendant the sum of $2,000.00, by only one witness, and that he is contradicted in that respect by a witness of equal credibility and means of knowledge, then, as a matter of law, the plaintiff has failed to prove that he made such a loan to the defendant by a preponderance of the evidence, unless in the minds of the jury there have been facts or circumstances proved corroborating the plaintiff's testimony sufficient to outweigh the testimony on the part of the defendant."

This instruction is clearly erroneous for more than one reason; in the first place, it undertakes to lay down a rule that if two witnesses of equal credibility testify directly opposite to each other on a question of fact, that the party holding the affirmative of the proposition would not have a preponderance of the evidence.

There are some expressions in McFarland v. The People, 72 Ill. 368, which seem to sustain the rule of law announced in the above instruction, but that case has long since been overruled by Johnson v. The People, 140 Ill. 350, where it is held that the competency of witnesses to testify is a question of law for the court, but their credibility is a question of fact for the jury.

Second, this instruction deprives plaintiffs in error of the *prima facie* case, which the note itself makes; and lastly, the instruction places the burden of proof as to what the consideration of the note was upon plaintiffs in error, when, under the law, the burden of impeaching the consideration is upon the defendant in error.

For the errors indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*