### Orie J. Raffety v. Emanuel C. Romer.

#### Gen. No. 4,506.

1. PREMIUM—*who cannot maintain action for.* The solicitor of the insurance company who placed the insurance cannot maintain an action in his own name against the insured for the amount of the premium.

Action commenced before justice of the peace. Appeal from the Circuit Court of DuPage County; the Hon. CHARLES A. BISHOP, Judge, presiding. Heard in this court at the April term, 1905. Reversed and remanded. Opinion filed August 1, 1905.

JOHN W. LEEDLE, for appellant.

S. L. RATHJE, for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

Romer sued Raffety, and had verdict and judgment against him before a justice, and again in the Circuit Court on appeal. Defendant prosecutes this appeal from the latter judgment. Plaintiff was a life insurance agent, and defendant a dentist. Plaintiff solicited defendant to take life insurance in his company. Defendant was examined and accepted. The insurance company issued a policy on defendant's life, which plaintiff left on defendant's desk. Plaintiff paid the premium in advance for one year on said

policy, and brought this suit to recover the sum so paid. There was but one witness besides plaintiff and defendant, and that witness did not testify to anything material.. The case rested upon the conflicting testimony of plaintiff and defendant.

Plaintiff's testimony tended to establish the following facts: Plaintiff had heard defendant was considering the subject of taking life insurance, and so he called upon defendant on April 29, 1902. Defendant said he wanted insurance, but did not think he could pay the premium before August. Plaintiff replied that he would have the policy issued for defendant right away, and deliver it to him, and pay the premium, and trust defendant for it, and that defendant could pay him in August. On this agreement, defendant decided to take the insurance. Two or three days later, defendant took the medical examination and the medical report was approved, and the policy was issued and delivered to defendant in May. Plaintiff paid to the insurance company the first year's premium, which was the amount of the verdict and judgment. When plaintiff delivered the policy to defendant, he told defendant there might possibly be some dental work to be had in his mother-in-law's family, if defendant would call and introduce himself, and that plaintiff would mention it to her. The latter part of July, defendant told plaintiff he would not keep the insurance, and they had quarrels about the payment of the premium, and the policy was mailed back and forth between the parties several times. If these were the facts, plaintiff was entitled to recover.

Defendant's testimony tended to establish the following facts: The first time plaintiff applied to defendant to take insurance, defendant declined, saying he was not ready. A few days later, plaintiff came to defendant, and told him that he would make him this proposition: that his mother-in-law wanted some dental services, which would amount to $25 or $30, and he would take that out of the first year's premium; and thereupon defendant agreed to take the insurance, with that understanding, or on those conditions.

Defendant was then examined. Afterwards, plaintiff brought the policy to defendant's office. Defendant then told plaintiff that his mother-in-law had not been in yet for an estimate for that work, and that plaintiff should keep the policy, and he would have the rest of the money for him. Defendant testified he told plaintiff several times to take the policy away. Plaintiff laid the policy on defendant's desk and went out. Defendant gave his version of their subsequent quarrels and of his efforts to get the policy back to plaintiff. Defendant testified that he never authorized plaintiff in any way or manner to pay the premium for him, and never in any way ratified plaintiff's action in paying the premium, if he did pay it. It may well be considered a proper question for the jury, under this proof, whether defendant did not agree to take a policy on condition that plaintiff's mother-in-law had the dental work in question done by him and the price thereof was applied on the first year's premium; and if so, whether defendant was bound without that condition being first fulfilled; and whether he accepted the policy, or was bound by the act of plaintiff in leaving the policy on defendant's desk, if as defendant's proofs are, defendant then told plaintiff to keep it, and to take it away. But if, as here contended by plaintiff, defendant was bound to take and pay for the insurance, even if plaintiff's mother-in-law did not have dental work done as agreed, still defendant's liability for the premium was to the insurance company, and if defendant's testimony was true, nothing had occurred which turned that into a liability to pay the premium to plaintiff. Plaintiff could not become the creditor of defendant without the consent or agreement or action or acquiescence of the latter. Under these circumstances, defendant had a right to have the jury instructed as to the rules of law to govern them in weighing and considering conflicting testimony, and also as to the rules of law governing such a state of facts as that testified to by defendant. Defendant offered ten instructions, each of which the court refused, and defendant duly excepted. The third and ninth were properly refused un-

der the rule laid down in Johnson v. The People, 140 Ill.
350. The second was directed to a* particular witness by
name, and it was perhaps not error to refuse it, under
Matthews v. Granger, 196 Ill. 164. It is conceded that the
remaining seven instructions asked by defendant and re-
fused, stated correct principles of law; and we hold most of
them were essential to defendant's case, and should have
been given. For the error in refusing these instructions,
the judgment is reversed, and the cause remanded.

*Reversed and remanded.*