## Martin Beckstrom v. Joseph T. Krone.

### Gen. No. 4,587.

1. RECEIPT—*particular form of, construed.* An instrument as follows:

"Received from Joseph T. Krone, Eighteen Hundred Dollars, for investment in current stock of the Moline Building, Savings and Loan Association, returnable on sixty days' demand, with interest at the rate of six per cent. per annum, payable quarterly.

                                        J. W. WARR.
. ." For the redemption of this deposit I hold in my hands in trust current stock of the Moline Building, Savings and Loan Association.
                                        J. W. WARR, *Secretary*."

construed as an acknowledgment of an indebtedness with an agreement to return the money within the time specified under the conditions recited, and not an agreement for the return of stock.

2. NEGOTIABLE—*particular instrument so held.* The instrument set forth in the preceding paragraph of this syllabus held, a negotiable instrument.

3. NEGOTIABLE—*what not essential to render instrument.* Words of negotiability are not essential to render a particular instrument negotiable.

4. TRIAL JUDGE—*duty of, where rulings upon pleadings do not conform to his views.* Where the rulings upon the pleadings have been made by a judge other than the one presiding at the trial and such rulings do not conform to the views of such trial judge, it is his duty to make the same so conform before proceeding with the trial.

5. PREPONDERANCE OF EVIDENCE—*when instruction as to, erroneous.* An instruction upon this subject is erroneous which tells the jury that if the plaintiff has proved his contract by only one witness and if the contract has been denied by one witness of equal credibility and means of knowledge, then such contract has not been proven, unless facts or circumstances have been proved corroborating the plaintiff's testimony sufficiently to outweigh the defendant's testimony.

Action of assumpsit. Appeal from the Circuit Court of Rock Island County; the Hon. EMERY C. GRAVES, Judge, presiding. Heard

in this court at the October term, 1905.  Reversed and remanded.
Opinion filed March 10, 1906.

A. H. Kohler and J. T. Kenworthy, for appellant.

J. B. Oakleaf and Searle & Marshall, for appellee.

Mr. Justice Dibell delivered the opinion of the court.

Martin Beckstrom and Joseph T. Krone made an ex-
change of properties of unequal value, leaving a sum due
Beckstrom.  Krone paid part of the difference in money,
and for the remaining $1,800 delivered to Beckstrom an in-
strument, the face of which is as follows:

"$1,800.                              Moline, Ill., July 3, 1903.
Received from Joseph T. Krone, Eighteen Hundred Dol-
lars for investment in current stock of the Moline Building,
Savings and Loan Association, returnable on sixty days'
demand, with interest at the rate of six per cent. per annum,
payable quarterly.
No. . . . . . . . .
                                      J. W. Warr.

For the redemption of this deposit I hold in my hands in
trust current stock of the Moline Building, Savings and
Loan Association.
                                      J. W. Warr,
                                          Secretary."

Krone made the following endorsement on the back there-
of before he delivered it to Beckstrom: "Pay to the order
of Martin Beckstrom.  Joseph T. Krone."  The money
was not paid to Beckstrom sixty days after demand, and he
brought this suit against Krone.  Plaintiff filed an amended
declaration, containing three special counts, a common count
for the balance due on the purchase price of real estate sold
by plaintiff to defendant at his request, and other usual
common counts.  The first special count declared upon a
promissory note for $1,800 made by Warr to defendant and
by the latter endorsed to plaintiff, without setting it out.
The second and third special counts set out the instrument as

above copied. Defendant craved *oyer* of the instrument mentioned in the first count, and set it out as above, and demurred to the declaration and each and every count thereof. The demurrer was sustained to the special counts and overruled as to the common counts. Defendant pleaded the general issue to the common counts. Thereafter the cause was tried before another judge and a jury, and defendant had a verdict and a judgment. Plaintiff appeals.

By the instrument above set out Warr acknowledged that on its date he had received $1,800 from defendant, and that it was to be returned sixty days after the demand therefor, and that while he retained it he was to pay interest quarterly on that amount at the rate of six per cent. per annum. The instrument cannot mean that the stock mentioned was to be returned sixty days after demand, for several reasons. We do not speak of returning that which we have not received. As Warr had not received stock from defendant he could not return stock. He had received money, and that was the only thing he could return. Again, such a construction is forbidden or at least made unreasonable by the provision for interest. Stock in a building association does not bear interest. The statement by Warr below his first signature that he holds stock "for the redemption of this deposit" shows it was the deposit of money that was to be returned. Defendant had deposited nothing but money. It is not clear from the face of the paper what is meant by the words "for investment in current stock," etc. It may mean that Warr was borrowing the money to use in making such an investment for himself. If it can be supposed to mean that Warr was to invest the money in building association stock for defendant, still it is clear that it also means that sixty days after defendant makes demand for his money that sum is to be repaid to him in money. But it cannot mean an investment in stock for defendant, for there is no provision that he shall have any profit or bear any loss. He is to be paid interest quarterly on the money at a specified and lawful rate, regardless of any profit or loss on any investment in stock, and he is to have the principal sum repaid to him in sixty days

after he demands it. Again, if Warr was to invest the money in building association stock for defendant, he could not certify that he held that stock or any stock "for the redemption of this deposit." "This deposit" does not mean the stock, but something for which the stock is held as security.

An acknowledgment of indebtedness in the simplest form gives negotiability. Stewart v. Smith, 28 Ill., 397; Dorsey v. Wolff, 142 Ill., 589. A certificate of deposit is a promissory note. Telford v. Patton, 144 Ill., 611. The fact that the details of a transaction are set out in an instrument for the payment of money does not prevent its being negotiable. Ridgley National Bank v. Patton, 109 Ill., 179; Industrial Bank v. Bowes, 165 Ill., 70. A recital in an instrument, in other respects like a promissory note, that it is secured by a lien or by a deposit of collaterals, does not destroy its negotiability, unless such recital qualifies the promise or makes it uncertain or conditional. Mumford v. Tolman, 157 Ill., 258; Biegler v. Merchants Trust Co., 164 Ill., 197; First Nat. Bank v. Southworth, 215 Ill., 640. Promissory notes are assignable without words of negotiability, under sections 3 and 4 of chapter 98 of the Revised Statutes, relating to negotiable instruments. Sappington v. Pulliam, 3 Scam., 385. Said sections 3 and 4 were not expressly repealed by the act of 1895 amending section 7 of said chapter 98, and we are not prepared to hold that said provision dispensing with the necessity for words of negotiability was repealed by implication by said amendment of section 7. The rule that negotiable paper must be payable at a time certain, is satisfied by an instrument payable on demand. 1 Randolph on Commercial Paper, sections 109, 117, 118. Defendant relies upon Van Zandt v. Hopkins, 151 Ill., 248. That case comes within the exception mentioned in the rule above stated. The payment of the instrument there in question was made conditional upon the surrender of certain shares of stock. If the stock should not be surrendered then the instrument would never become payable. Because of that uncertainty it was not a promissory note. No condition is imposed by the instrument be-

fore us. Neither defendant nor plaintiff has received any
stock. The maker certifies that he holds stock to secure
performance by himself. No details are given by which any
holder of the paper could find or trace any particular shares
of stock, but if that recital made Warr the trustee of any
stock to secure that he would pay his own debt, such stock
in his hands will be released from the trust whenever he pays
the debt. We hold that the paper in question is a promis-
sory note, and that the endorsement above copied transferred
the title to plaintiff. It is argued that if that be true, still
the averments of the special counts were insufficient. The
demurrer was general, and those counts conform to the pre-
cedents in Chitty on Pleading, Vol. 2, and to our statute
on negotiable instruments. We hold that the court erred
in sustaining the demurrer to the special counts.

Defendant argues that such error was harmless because
plaintiff could recover upon this note under the common
counts. Defendant's counsel frequently objected to proof
during the trial on the ground that it was not competent in
the condition of the pleadings, meaning, apparently, because
the demurrer had been sustained to the special counts. He
did not dissent when the court, in discussing such objections,
said to plaintiff's counsel: "The objection is that under the
common counts you are not entitled to introduce any evi-
dence of this note or instrument." He heard the court say
that he felt bound to follow the rulings upon the pleadings
made by the judge who had preceded him, though he had no
doubt in his own mind that this was a promissory note.
He obtained from the court the 3rd and 23rd instructions
to the effect that this was not an action by endorsee against
endorser, and that the endorsement did not make defendant
liable, but it was merely an assignment of defendant's rights
against Warr. Defendant cannot now be heard to say here
on this record that plaintiff could have recovered upon the
note and its endorsement under the common counts. It is
true plaintiff acquiesced in this view and tried the case upon
the theory that he could tender back the instrument and re-
cover the balance due him upon the exchange of real estate;

but he had no other alternative in view of the position of the trial judge that he must follow the rulings upon the pleadings made by the judge who preceded him. In our opinion the trial judge should have made the pleadings conform to his view of the law before proceeding with the trial, and thus have avoided the embarrassment of trying the case upon a theory he believed unsound. Fort Dearborn Lodge v. Klein, 115 Ill., 177; Dowie v. Priddle, 216 Ill., 553.

Plaintiff and defendant were the sole witnesses, except upon a formal matter. Their accounts of the terms under which plaintiff received this paper from defendant differed materially. The 15th instruction given at defendant's request said that if plaintiff had proved his alleged contract by only one witness, and if the contract had been denied by one witness of equal credibility and means of knowledge, then such contract had not been proved, unless facts or circumstances had been proved corroborating plaintiff's testimony sufficiently to outweigh defendant's testimony. The 16th instruction given at defendant's request said that if plaintiff had sworn positively that he was to have cash for the difference between the two properties, and if defendant had sworn just as positively that plaintiff was to accept paid up stock for the difference, and if the testimony of defendant is entitled to as much credit as that of plaintiff and is corroborated to the same extent, then so far as that point is concerned the jury should find for defendant. An instruction like these in principle was condemned as an invasion of the province of the jury, in Johnson v. People, 140 Ill., 350. As the next trial is likely to take an entirely different course, we consider it unnecessary to discuss the objections made to other instructions.

The judgment is reversed and the cause remanded for a new trial, with directions to overrule the demurrer to the special counts of the amended declaration.

*Reversed and remanded.*