## William H. Smith, Appellant, v. Frank G. Young, Appellee.

### Gen. No. 5,703.

1. ASSUMPSIT—*when no recovery on common counts.* In assumpsit plaintiff cannot recover on the common counts on the ground that defendant promised to buy back certain stock within a year if plaintiff was dissatisfied with it, where it appears that plaintiff asked defendant to buy back the stock but did not tender it.

2. EVIDENCE—*when not error to permit an attorney of record to testify.* It is not error for the court in its discretion to permit an

attorney of record in a case to testify though witnesses were excluded from the court room, especially where it does not appear that it was known when the motion to exclude was made that such attorney would become a material witness.

3. APPEALS AND ERRORS—*what offer must be made to avail of exclusion of question to witness.* To avail of refusal to permit a question to a witness as to whether a certain book was a memorandum kept by him, such an offer must be made as to show that if it were admitted it would be incompetent and material testimony.

4. EVIDENCE—*when not error to exclude testimony as to a document.* It is not error to exclude testimony of a witness as to a certain document concerning a trip, the date of which was material, where the document itself was not offered; and it was not proved that it was made at the time or that it, had any date, and the witness was not asked to refresh his recollection by it.

Appeal from the Circuit Court of Rock Island county; the Hon. FRANK D. RAMSAY, Judge, presiding. Heard in this court at the October term, 1912. Affirmed. Opinion filed March 12, 1913.

VOSE & CREEL, for appellant.

W. L. LUDOLPH and J. T. & S. R. KENWORTHY, for appellee.

MR. JUSTICE WHITNEY delivered the opinion of the court.

Appellant sued appellee in *assumpsit* and filed a declaration consisting of four special counts and the common counts. Appellee pleaded the general issue. There as a jury trial and verdict for appellee. Appellant's motion for a new trial was overruled, and appellee had judgment for costs and plaintiff below appeals.

The first special count alleged appellee was president of the Rock Island Tool Company, and sold appellant twenty shares of its capital stock for $2,000 cash, paid by appellant, and that as a part of the consideration appellee promised to take back said stock at any time within a year if appellant should become dissatisfied therewith, and that appellant became dissatisfied and tendered the stock back within one year, and appellee refused to receive it.

The second count is substantially the same but ends by charging that appellee refused to receive the stock back, or to pay for same.

The third count alleged a loan of $2,000 by appellant to appellee, and that appellee deposited twenty shares of said capital stock as collateral security for said loan.

The fourth count charged that in consideration that appellant would buy of appellee this twenty shares of stock appellee promised appellant that said stock was of good merchantable value, and a safe, secure and profitable investment for appellant to make; that the tool company was solvent, doing a profitable business and perfectly responsible and that the capital stock was worth one hundred cents on the dollar; that appellant relied on these statements in buying said stock, and would not have made the purchase if it had not been for said statements, the truth of which appellee as president had means and was compelled to know; whereas, the stock had no good merchantable value, and was not a safe, secure and profitable investment, and that the tool company was not solvent, and was not doing a good profitable business, and was insolvent, and was soon after adjudged a bankrupt, and that said stock was of no value to appellant.

This fourth count would have been proper in an action for fraud and deceit. Appellant should have been required to elect, either to strike out the fourth count, and prosecute his action in *assumpsit,* or to abandon the other counts and change the form of action to case, and prosecute his action under the fourth count for fraud and deceit, but this was not asked in the court below. There was, however, no proof which would have authorized a recovery on the fourth count. There is proof appellee made statements praising the value of this stock. The corporation had been organized but a few days when the stock was purchased. It was manufacturing vises in a small

building, had ten to twenty men at work, and had some of the manufacturing material about the shop, which appellant saw before he purchased. There is nothing in the evidence to show that the stock was not when purchased, of good marketable value, and nothing to show that it did not then appear to be a safe, secure and profitable investment, and there is no proof that the company was not then solvent, and doing a profitable business. There was no proof that the company was ever adjudged a bankrupt, or that this stock became of no value, or was of no value at the time of the trial.

Appellant testified in chief that appellee told him, when he afterward went to him to have him buy back the stock that the company was bankrupt, but on cross-examination it was developed that he only meant to testify that appellee told him he was not satisfied with the way the affairs of the company were running, and that it was running behind, and other like language from which the witness inferred that it was bankrupt. There was the further fact proved that appellant did not receive any dividend upon this stock. If the case had been tried upon the fourth count alone, and on this evidence, and there had been a verdict for appellant, it could not have been sustained for lack of proof of the allegations in that count.

The third count alleging the loan of money by appellant to appellee was not proved. Appellant dwells at length in his argument upon the common counts and urges that he could have recovered under the common counts, if he failed to prove the special counts, and that certain instructions given for appellee operated to prevent his recovery under the common counts. The law is well established where a contract has been completely performed on one side, and has been completely performed on the other side, except the payment of money, that money can be recovered under the common counts, but if something more must be proved besides the existence of an indebtedness to au-

thorize a recovery then a recovery cannot be had under the common counts. Here, appellant claimed to have produced testimony to the effect that when he bought the stock of appellee it was a part of the consideration on which he bought it, that appellee promised him that within a year if he should become dissatisfied with his investment, appellee would buy back his stock, and pay him for it the $2,000 which appellant had paid therefor, and that appellant went to appellee within one year and asked him to buy back the stock, and that he then had the stock in his possession, but did not tender or offer it to appellee because appellee told him he could not buy it back.

To recover it was necessary for appellant not only to establish that contract, and show he demanded within the year that he take back the stock, but also to show that he tendered the stock to him, or show an excuse for not actually tendering it, and then show he had kept that tender good, or had always been ready and able to deliver the stock to appellee whenever appellee would pay him the $2,000 and interest thereon. If he afterwards sold the stock to someone else, he could not have maintained this suit under the common counts because of his inability to turn the stock back.

We therefore conclude under the proof, appellant could not under any circumstances shown in the proofs, have recovered under the common counts. Even if as appellant argues there was some assurance by appellee that he might take the stock back at some later date, and even though it amounted to a binding promise, based on a sufficient consideration, still before he could recover he would have to show that he was able to perform his part by delivering the stock. If appellant had tendered the stock to appellee at the time in question and appellee had taken it but failed to pay, then there would have been such a complete performance by appellant, that he could have maintained an action under the common counts, but as long as the stock had not been delivered to and accepted by appellee, special

averments were required, and the common counts alone were insufficient.

When the contract was made appellant and his two sons and appellee were present. Appellant and one of his sons testified in chief to a contract by appellee to take the stock back within one year, and pay back the consideration if appellant wished. Appellant's other son testified that what was said was that appellee desired of appellant, that if appellant should want to sell this stock, that he give appellee the first chance to buy it, and on cross-examination appellant abandoned the claim of a contract to buy it back, and gave the same version the other son gave on his direct examination, and that what appellee said was that if appellant desired to get rid of the stock he would have no trouble selling it, and that if he did desire to sell it, appellant in that event, would give appellee the first chance to buy it. The same is true of the cross-examination of the son, who on-direct examination testified to a promise to purchase.

The case therefore made by appellant was that he and one son testified to the contract in chief, and abandoned it on cross-examination, and that the other son agreed with their version on cross-examination and did not testify to a contract to take the stock back. Appellee testified positively denying he made any promise to re-purchase it and also testified he did not seek to have appellant buy the stock, but that appellant made application to him for it. If this were an action for fraud and deceit, it might be that evidence that appellee asked to have the first chance given him to buy the stock back, might have some bearing if properly alleged, but it did not tend to establish a contract on which alone appellant must recover, if at all.

The state of the case therefore is that if the jury had found there was a contract by appellee to buy back this stock within one year, perhaps it could have been sustained, but the jury having found against appellant it cannot be said they have found so greatly against

the weight of the evidence that this court could set the verdict aside. The evidence strongly tended to show that appellant did not demand a re-purchase of the stock within one year as claimed by him, but at a considerable later date. On the subject of this date, complaint is made that the court erred in permitting one Ludolph, who was one of the attorneys of record, whose name appears on page 10 of the transcript of the record, to testify for appellee, when he was of counsel for appellee, and had been present during the trial, when an order had been made excluding the witnesses from the courtroom.

The witness Ludolph, under the authority of Reavely v. Harris, 239 Ill. 526; Glanz v. Ziabek, 233 Ill. 22; Bishop v. Hilliard, 227 Ill. 382, and many other cases, was a competent witness. When the motion was made to exclude the witnesses, if the court had been told that an attorney might be called as a witness the court would have had a discretion not to exclude him because he was of counsel, and the court indicated in his ruling on the objection to this witness, that he hardly could have excluded counsel. If appellee had but one attorney, and that attorney was liable to be called, it probably would have been error for the court to exclude him, but further, when the order was made to exclude the witnesses (which order by the way is not contained in the bill of exceptions), it could not have been known or foreseen that the matter about which Ludolph did finally testify, was material. Upon interrogation on cross-examination to fix some date for ascertaining the time *appellee* visited *appellant* and demanded he take the stock back, he testified to a certain condition of a certain new building. Ludolph was the agent of the owner and had an office directly opposite the new building and knew when this condition was brought into effect, and his testimony was only as to the date when this building came into the condition described by appellant, which date testified to by Ludolph was long after the expiration of one

year from the purchase of the stock. We are of the opinion the court did not err in its ruling on that subject. Moreover it does not appear from anything in the record that at the time the motion to exclude the witnesses was made, Ludolph would be or would become a material witness in the case, and the matter about which he finally testified was simply as to the date at which a certain building came to a certain stage of construction.

Appellant was called in rebuttal on this subject. He had stated that one of his two demands on appellee to buy back the stock was made right after a trip to Texas. He was shown a book and was asked whether or not that was a memorandum kept by him, and the date of his trip, and also whether it was a book of original entry. That was objected to and the court sustained the objection, and nothing further was offered. The exhibit is not in the bill of exceptions and no offer was made to prove that the entry was true, that it was made at the time, that the date therefore is correct, nor to prove what date would show.

If the court refuses to permit a question to be put of this character it is necessary in order to avail of it on error to make such an offer as to show the court that if it were admitted it would be competent and material testimony. Appellant did not offer the document itself, nor prove that it was made at the time, or that it had any date, and did not ask the witness to refresh his recollection by it. No error appears in that behalf. We see no reversible error in other rulings on evidence.

The modification of appellant's fourth instruction in our judgment did not harm appellant, although we think that modification was unnecessary, because we think it was clear appellee understood when appellant came to him, that he was ready to deliver the stock to him, if he would have taken it.

Appellant complains of the refusal of his ninth instruction. This instruction was on the question of the

preponderance of evidence, which instruction seems to have been held good in McFarland v́. People, 72 Ill. 368, but that decision was overruled in Johnson v. People, 140 Ill. 350, and the rule in Johnson v. People has been followed in Lasher v. Colton, 80 Ill. App. 75; Leek v. People, 118 Ill. App. 514; Holmes v. Horn, 120 Ill. App. 359; Beckstrom v. Krone, 125 Ill. App. 376.

Under the evidence we see no reversible error in the giving of any of the instructions for appellee. The judgment is affirmed.

*Affirmed.*