### HUBERT et al. v. AITKEN.

*(Common Pleas of New York City and County, General Term.　May 6, 1889.)*

1. CONTRACTS—BUILDING CONTRACTS—DEFECTIVE PLANS.

The fact that a chimney designed by plaintiffs, as architects of defendant's house, proved inadequate for the purpose, entitles defendant to a deduction of the damages caused thereby from the amount due under the contract for drawing the plans and superintending the construction of the house; but such defect cannot be urged to defeat all recovery on the contract, the same having been performed according to its terms.

2. SAME—DUTIES OF ARCHITECT.

An architect is bound only to exercise reasonable care, and to use reasonable means of observation and detection, in the supervision of the building; and, where he appears to have done so, the mere fact that inferior material has been used by the contractor in some instances, and that the plumbing has been carelessly done, does not establish as matter of law that he has not fully performed his contract.

On reargument. For former opinion, see 2 N. Y. Supp. 711.

Argued before LARREMORE, C. J., and DALY and VAN HOESEN, JJ.

[1] Not reported.

*Vanderpoel, Cuming & Goodwin, (J. R. Cuming,* of counsel,) for appellant. *Lemuel Skidmore,* for respondents. .

LARREMORE, C. J.   The point upon which chief stress was laid in the reargument of this appeal was that of the entirety of the contract between the parties.   The plaintiffs are architects, who agreed to draw the plans for, and also, according to the custom of their profession, supervise the construction of, the building referred to in the complaint.   It appears that there was one grave fault in said plans, and that there were some quite serious departures from the specifications and from the best workmanship in the erection of said building.   The learned counsel for appellant, therefore, argues that the architect has not completely performed his contract, and that, as said contract was an entire one for professional skill and services, and not a divisible or apportionable one, no recovery can be had, and the complaint should have been dismissed.   But a very simple analysis will show that this contention is founded on a misconception.   With regard to the plans it appears that the contract was completely performed.   Drawings for the whole building were furnished, and it was actually constructed in accordance therewith.   After the building was finished, it was discovered that the chimney flues, connecting with the boiler flues, were not large enough for the purpose for which they were designed.   These flues were not omitted from the plans; on the contrary, they were set down with the same fullness of detail as the other parts of the building.   It cannot, therefore, be said that plaintiffs did not entirely perform their contract in this respect; they completely performed it, but they performed it negligently.

Similar considerations apply to the other branch of the case.   The learned counsel would not claim that an architect is bound to spend all his time at a building which is going up under his professional care, so that no fraud or negligence can be committed by any of the contractors.   The counsel would not contend that the architect is an insurer of the perfection of the mason work, the carpenter work, the plumbing, etc.   He is bound only to exercise reasonable care, and to use reasonable powers of observation and detection, in the supervision of the structure.   When, therefore, it appears that the architect has made frequent visits to the building, and in a general way has performed the duties called for by the custom of his profession, the mere fact, for instance, that inferior brick have been used in places, does not establish, as a matter of law, that he has not entirely performed his contract.   He might have directed at one of his visits that portions of the plumbing work be packed in wool; upon his next return to the building the pipes in question might have been covered with brick in the progress of the building.   If he had inquired whether the wool-packing had been attended to, and had received an affirmative answer from the plumber and the bricklayer, I am of opinion that his duty as an architect, in the matter of the required protection of said pipes from the weather, would have been ended.   Yet, under these very circumstances, the packing might have been intentionally or carelessly omitted, in fraud upon both architect and owner, and could it still be claimed that the architect had not fully performed his work?   The learned counsel for appellant is, in effect, asking us to hold that the defects of the character above named establish, as matter of law, that plaintiffs have not completely performed their agreement.   An architect is no more a mere overseer or foreman or watchman than he is a guarantor of a flawless building, and the only question that can arise in a case where general performance of duty is shown is whether, considering all the circumstances and peculiar facts involved, he has or has not been guilty of negligence.   This is a question of fact, and not of law.   Upon consideration I am more fully convinced of the correctness of our conclusions reached after the former argument.   The defect in the plans which led to the construction of too small a chimney was something for which

the plaintiffs, and no one else, could be held responsible. For the reasons so cogently stated in Judge VAN HOESEN's opinion, the plaintiffs were, as matter of law, guilty of negligence in falling into this grave error. In analogy with the rule adopted in ordinary contractor's cases, (*Woodward* v. *Fuller*, 80 N. Y. 312,) we deducted from the sum due under the contract the amount of damages caused by such negligence, and directed that plaintiffs either take judgment for the balance, or suffer an absolute reversal. As to the conceded facts of malconstruction, and use of inferior materials, the referee has decided, on sufficient evidence, that the same were not properly attributable to plaintiffs' negligence, and we can discover no reason for disturbing his findings. The order entered after the former argument must in all respects stand. All concur.