# Henon *v.* Vernon, Appellant.

*Contract—Architect—Supervision of building — Collusion with contractor—Evidence.*

An architect impliedly contracts with his employer that he has the ordinary skill, knowledge and judgment possessed by men of his profession, and that he will use this skill, care and judgment in the interest of his employer, and will act with perfect honesty; and if a loss occurs from collusion between himself and the contractor, he is liable to his employer.

In an action by an architect to collect an alleged balance due for preparing plans for a building, and supervising the construction thereof, it is proper to permit the defendant to show that the plaintiff through collusion allowed the contractor to depart from the plans without the defendant's knowledge or consent, that a loss had resulted, and the amount of such loss. Such evidence, although contradicted, is for the jury.

Argued Oct. 1, 1917. Appeal, No. 10, Oct. T., 1917, by defendant, from judgment of C. P. No. 3, Philadelphia Co., June T., 1914, No. 2833, on verdict for plaintiff in case of Paul J. Henon, Jr., and James F. Boyle, copartners, trading as Henon & Boyle, v. William J. Vernon

and W. Henry Elfreth.   Before ORLADY, P. J., PORTER,
HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS,
JJ.   Reversed.

Assumpsit for balance alleged to be due for preparing
plans for building and supervising the construction
thereof.   Before MCMICHAEL, P. J.

At the trial the court excluded evidence offered by de-
fendants tending to show that a loss had resulted from
the plaintiffs permitting the contractor to depart from
the plans without the defendant's knowledge or permis-
sion (2).

Verdict and judgment for plaintiffs for $598.59.   De-
fendants appealed.

*Errors assigned* were (1) a portion of the charge, a
part of which is quoted in the opinion of the Superior
Court, and (2) ruling on evidence quoting the bill of ex-
ceptions.

*Robert T. McCracken* and *Roberts, Montgomery & Mc-*
*Keehan,* for appellants.—The damages caused by the
plaintiffs' improper supervision are chargeable against
their claim: Lasher v. Colton, 80 Ill. App. 75; Lotholtz
v. Fiedler, 59 Ill. App. 379; Newman v. Fowler, 37 N. J.
L. 89; Hubert v. Aitken, 15 Daly N. Y. 237; Hettinger
v. Beiler, 54 Ill. App. 320; Straus v. Buchman, 96 N. Y.
Appellate Div. 270; Miller v. Homœopathic, Etc., Hos-
pital, 243 Pa. 502; Johnson v. Wanamaker, 17 Pa. Su-
perior Ct. 301.

The defendants' offer of evidence should have been ad-
mitted.

*Paul M. Rosenway,* with him *William H. Peace,* for
appellee, cited: Haire v. Reese, 7 Philadelphia County
138; English v. Free, 205 Pa. 624.

OPINION BY WILLIAMS, J., March 2, 1918:

Plaintiffs declared for a balance due of $876.30 for

architectural work in preparing plans for three buildings and supervising the construction of one of them. Defendants filed separate answers. Vernon, admitting the services were rendered, claimed a set-off, averring that, in superintending the building, plaintiffs had been in collusion with the contractor to defraud him by permitting changes in the specifications, inter alia, as follows: failure to waterproof wall running under grade, loss $450; and in building a parapet wall two feet less than the height called for, loss $175. Elfreth's answer denied he was associated with Vernon in the matter or that he had undertaken to pay for the plans and services furnished by plaintiffs.

Plaintiffs admitted permitting the contractor to depart from the specifications in the aforementioned particulars, but averred it was with defendants' knowledge and consent. Defendants denied either knowledge of or consent to the departure.

The court refused an offer made by defendants "to prove by this witness that......he inspected the premises at Cumberland and Sydenham streets on or about March 7, 1916, for the purpose of determining what......damage had resulted from the departure from the specifications made by the contractor and permitted by the architect; that this inspection......showed certain damages as of the date of the construction of the building."

The court charged, in part, as follows: "As to the supervision of the work, there were one or two matters that came in that took some time and were interesting, but I think there is no evidence here upon which the architects should be mulcted in damages for anything that the defendants had to pay." The jury found for the plaintiffs in the sum of $598.59, and defendants appealed from the judgment entered upon the verdict.

Appellants contend the court erred in refusing to admit the evidence of the damages resulting from the departure from the specifications, and in charging that

there was no evidence "upon which the architect should be mulcted for damages."

"An architect, like any other professional man, impliedly contracts with his employer that he has the ordinary skill, knowledge and judgment possessed by men of his profession, and that he will use this skill, care and judgment in the interest of his employer and will act with perfect honesty": Nave v. McGrane, 19 Idaho 111, 119. "He is an expert in carpentry, in cements, in mortar, in the strength of materials, in the art of constructing the walls, the floors, the staircases, the roofs, and in duty bound to possess reasonable skill and knowledge as to all these things": Hubert v. Aitkin, 15 Daly 237, 239. He is responsible for collusion to defraud: Com. v. Huston, 46 Pa. Superior Ct. 172; and for negligent disregard of his duties: Lasher v. Colton, 80 Ill. App. 75; Johnson v. O'Neill, 172 Mich. 334; Straus v. Buchman, 96 App. Div. (N. Y.) 270; and cannot recover for plans which transgress the building laws: Medoff v. Fisher, 257 Pa. 126, 129.

In determining the right to the set-off it was necessary to know whether the specifications had been departed from with defendants' knowledge and consent. The evidence upon this point was conflicting, but it was admitted there had been a departure, and the offer rejected was to show the amount of loss.

We agree that an architect may be responsible for fraud, collusion, or negligence. No allegation in the counterclaim would justify a set-off based upon plaintiffs' negligence, and it was, therefore, necessary to establish collusion. Fraud or collusion may be established by facts, or implied from circumstances; either is for the determination of the jury. Fraud or collusion might have been found from the evidence excluded, provided the change resulted in a substantial gain by the builder, or a loss by the owner, not contemplated by the contract.

The error in the part of the charge quoted was in no way remedied by what followed.

The judgment is reversed and a venire facias de novo awarded.