## Mountz  v.  Lebanon  County

*Philip S. Davis*, for plaintiffs.
*Richard A. Bausher*, for defendant.

*H. Rank Bickel, Jr., A. H. Ehrgood, Jr.,* and *Leo C. Gribbin, Jr.,* for additional defendants.

GATES, P. J., May 21, 1968.—On January 25, 1967, plaintiffs filed their complaint in trespass against the County of Lebanon for property damages occasioned as a result of the defendant's negligent diversion of surface water from its premises onto the premises of plaintiffs.

On March 17, 1967, defendant filed an answer to the complaint denying that they were chargeable with negligence and averring that, if there was negligence, it was chargeable to the independent contractors employed by the county to prepare the plans and specifications, to perform the excavation, grading and construction of the county home property, hereinafter called "Cedar Haven".

On March 23, 1967, defendant issued a writ to join the additional defendants. Later, on October 10, 1967, defendant filed its complaint against additional defendants.

In count #1 of the complaint against additional defendants, original defendant avers that it entered into a written contract with additional defendant Reisinger Brothers, Inc., wherein Reisinger agreed to furnish all materials and perform all work for the construction of Cedar Haven and that, in the performance of the contract, Reisinger Brothers was an independent contractor and not an agent, servant, or employe of original defendant. Original defendant charges that additional defendant Reisinger Brothers, under the terms of the contract with original defendant, undertook the construction of Cedar Haven so as not to injure any person or damage any property; to carefully examine the plans, specifications, and site of the work to be performed, and that if plaintiffs suffered any damage, it was occasioned by the negli-

gence of additional defendant Reisinger Brothers, Inc., in failing to properly construct Cedar Haven in conformity with the contract.

In count #2, original defendant avers that it engaged additional defendant William Lynch Murray & Associates as its architect. That pursuant to the employment contract, additional defendant William Lynch Murray & Associates prepared all plans and specifications, except landscape, lawn, and planting, and that William Lynch Murray & Associates acted as independent contractors and not as the agent, servant, or employe of defendant County of Lebanon. Consequently, original defendant contends that if there is any liability, it was occasioned by the negligence of additional defendant William Lynch Murray & Associates in failing to properly design and plan the building, grounds, and surrounding area so as not to do injury to adjacent property owners.

In count #3 of original defendant's complaint against additional defendants, original defendant avers that it engaged additional defendant Clifton E. Rodgers & Associates as landscape architects by a written agreement under the terms of which they agreed to prepare all plans and specifications for the lawns and planting work for Cedar Haven and that in the performance of their duties under the contract, additional defendant Clifton E. Rodgers & Associates acted in the capacity of an independent contractor and not as the agent, servant or employe of defendant. Consequently, original defendant contends that, if there was any damage, it was occasioned by the negligence of additional defendant Clifton E. Rodgers & Associates in failing to properly design and plan the landscape of the project in a manner so as to prevent injury to adjoining property owners.

On October 31, 1967, additional defendant William Lynch Murray & Associates filed preliminary objec-

tions in the nature of a demurrer to the complaint of original defendant. The gravamen of the demurrer is that defendant fails to state a claim upon which relief can be granted, because William Lynch Murray & Associates did not contract with the plaintiffs and are not liable to them in trespass for the property damages alleged, because the complaint fails to state a claim upon which relief can be granted; because there is no averment that William Lynch Murray & Associates, as architects, failed to exercise reasonable skill and judgment; that the complaint fails to state a claim upon which relief can be granted, because William Lynch Murray & Associates cannot be alone liable to plaintiffs and therefore, cannot be jointly liable to plaintiffs with the County of Lebanon.

On November 22, 1967, additional defendant Reisinger Brothers, Inc., filed preliminary objections to the complaint of original defendant in the nature of a motion for a more specific pleading and a demurrer.

On February 14, 1968, additional defendant Clifton E. Rodgers & Associates filed preliminary objections to the complaint of original defendant in the nature of a demurrer.

Subsequently, the matter was argued orally, and we have the benefit of briefs from all parties.

Pennsylvania Rule of Civil Procedure No. 2252 provides as follows:

"(a) In any action, the defendant or any additional defendant may file as of course a praecipe for a writ, or a complaint, to join as an additional defendant any person not a party to the action who may be alone liable or liable over to him on the cause of action declared upon or jointly or severally liable thereon with him".

It is unquestioned that an architect or contractor are both bound to perform with reasonable care the duties for which they contract. While they are not

absolute insurers, they are liable to the owner with whom they contract if they fail to employ the ordinary skill and ability of their callings: Bloomsburg Mills, Inc. v. Sordoni Construction Co., Inc., 401 Pa. 358; Henon v. Vernon, 68 Pa. Superior Ct. 608; 6 C. J. S., Architects, sec. 19. This case, however, concerns the liability of architects and a contractor to third persons not parties to the contract.

The contention of additional defendants that, absent privity of contract, there can be no liability on their part would return tort law to Winterbottom v. Wright, 10 M & W 109, 152 Eng. Rep. 402. But, as every student of the law knows, or ought to know, in 1916, in the epochal case of MacPherson v. Buick Motor Co., 217 N. Y. 382, 111 N. E. 1050, Judge Cardozo abandoned Winterbottom v. Wright and adopted as the common law the principle applicable to this case. Since MacPherson, when the consequences of negligence may reasonably be foreseen, liability does not depend upon privity of contract.

The judicial history of this concept in this Commonwealth is parallel. Winterbottom's counterpart is Curtin v. Somerset, 140 Pa. 70, which held that, when work covered by contract is completed and accepted by the party contracting to have the work done, none other than the contracting party has a right of action against the contractor. However, beginning with Grodstein v. McGivern, 303 Pa. 555, and consistently down to the present day, the rule announced in Curtin v. Somerset has been rejected, and the rule of MacPherson v. Buick Motor Company has been engrafted into our law here in Pennsylvania, consistent with the authorities throughout the country. There is no need for us to further trace the development of the principle or burden the reader with the voluminous citations of authority for they are well collected and analyzed by Mr. Justice (later Chief

Justice) Horace Stern in Foley v. Pittsburgh-Des Moines Company, 363 Pa. 1, 30.

True it is that the orbit of an architect's or contractor's duty to third persons is measured by the nature and scope of his contractual undertaking with the owner, but, if, in the performance of those duties, he is negligent and injury to third parties is foreseeable, the architect or the contractor would be liable to the third person, regardless of the lack of privity of contract. It is not the contract per se which creates the duty. It is the law which imposes the duty, because of the nature of the undertaking in the contract: Cf. Doyle v. South Pittsburgh Water Company, 414 Pa. 199; Prost v. Caldwell Store, Inc., 409 Pa. 421; Evans v. Otis Elevator Company 403 Pa. 13.

Although there is no reported case in this jurisdiction directly in point involving an architect,[1] as suggested by counsel, we are of the opinion that an architect who plans construction work is under a duty to exercise ordinary care for the protection of any person who foreseeably and with reasonable certainty may be injured by his failure to do so, even though such injury may occur after his work has been accepted by the person engaging his services. Thus, plaintiffs here could have brought a trespass action against the architect and the contractor, even though plaintiffs were not a party to the employment contract, if their cause is seated in negligence and the damages were foreseeable. See Annotation 59 A. L. R. 2d 1081; 5 Am. Jur. 2d, Architects, §25.

Examining plaintiffs' complaint and accepting for these purposes their averments as true, we find that plaintiffs charge that the original defendant, acting through its agents, servants, and employes, negligent-

---

[1] Both Grodstein and Prost were suits by third parties against a contractor.

ly and willfully constructed Cedar Haven in such a manner as to divert drainage and surface water onto plaintiffs' premises in such amounts as to damage their property. Further, in examining the complaint of original defendant against additional defendants, we find the allegations to be that the plan and/or construction of the premises was the work of additional defendants and that, if it was negligently performed, it was their negligence and not the negligence of original defendant. We must, therefore, conclude that the cause of action here is one in which additional defendants may be found to be alone liable or jointly liable with original defendant and, therefore, permissibly joined as additional defendants under Pa. R. C. P. 2252: Cf. Prost v. Caldwell Store, Inc., supra.

Additional defendants' complaint of complexity is without merit. We agree that joinder ought not be permitted when the cause of action is so different that the admission of additional defendant to the action will result in the introduction of complexity which would change the entire nature of the proceeding: 3 Goodrich-Amram §2252(a)-6. However, as indicated here before, plaintiffs' cause of action is not different, but it is the same as declared upon by plaintiffs against original defendant.

Whenever there is more than one defendant in a lawsuit, the case becomes, to some extent at least, complex. Yet we must balance the complexity issue with the argument that where a charge of negligence is present in a single set of facts, the submission of the issue to separate juries might well result in inconsistent verdicts which would do the law and its image no particular favor. Consequently, we will not sustain the objections for complexity.

We find no merit in the architect's contention that we ought to make a distinction, when considering negligence liability of an architect to a third person,

between latent and patent defects and between injuries to the person and injuries to property. We are of the opinion that this is not the law nor ought it to be. An architect is in no special category, favored by the law, and such as would remove him from the general rule that if a person negligently injures another, he ought to make the injured person whole by money damages without regard whether the injuries be to a person or to his property. Of course, the foreseeability of injury to others must be embraced within the negligence concept as in all other cases of negligent liability. We fail, however, to perceive of any just or equitable reason for different classification or refinement in a case involving an architect.

Finally, the allegation of additional defendant Reisinger Brothers, Inc., that the complaint to join additional defendants lacks specificity is without merit. The complaint alleges that additional defendant failed to properly construct Cedar Haven; that it failed to see that the construction would not cause injury or damages to any other person or property; that it failed to properly examine the plans, specifications, and site of the work; that it failed to properly conduct its own investigation of the nature of the work, including the surface and subsurface of the construction site; that it failed to properly investigate the nature of the terrain, the existing drainage, the proposed drainage, the changes of grade, and other matters affecting nearby property owners; and that it "otherwise failed to use due care". Reisinger Brothers complain that original defendant has failed to *enumerate* wherein it failed to properly construct Cedar Haven; that it failed to *enumerate* wherein it failed to see that the construction of Cedar Haven would not cause injury or damages to any person or property; that it failed to *enumerate* wherein Reisinger Brothers failed to properly examine the plans,

specifications, and site of the work; that it failed to *enumerate* wherein Reisinger Brothers did not properly conduct its own investigation of the nature of the work, including the surface and subsurface of the construction site; that the complaint fails to *enumerate* wherein Reisinger Brothers failed to properly investigate the general and local conditions; that the complaint fails to *enumerate* wherein Reisinger Brothers failed to properly investigate the nature of the terrain, the existing drainage, the proposed drainage, the changes of grade, and other matters affecting nearby property owners; that the complaint fails to *enumerate* and *individuate* wherein the plans and specifications, upon proper investigation and examination, would have revealed the change in grade and its resultant effect upon nearby property owners; that the complaint fails to define the word "otherwise" in the allegation that Reisinger Brothers "otherwise failed to use due care". Obviously, Reisinger Brothers is asking us to require original defendant to plead its evidence, when all that is required is that the ultimate operative facts be pleaded: Wixon v. Keller Bros. Motor Co., 9 Lebanon 32. We conclude that original defendant has pleaded a cause of action with sufficient specificity so as to put the additional defendants upon notice of the claim they must defend. See also Magdule v. Feather, 44 D. & C. 2d 192.

We have carefully considered all of the contentions skillfully presented in the briefs of additional defendants. We have read with care and interest the citations of authority set forth in the briefs. Though these briefs are well prepared, we conclude that the submissions in support of the preliminary objections are all without merit. Consequently, we will enter the following

ORDER

And now, to wit, May 21, 1968, the preliminary

objections of additional defendants to original defendant's complaint are dismissed with leave to answer the complaint within 30 days of the date of this order.