■ NORTHEASTERN PLATE GLASS CORPORATION, Respondent, v MURRAY WALTER, INC., et al., Appellants-Respondents, and NEW YORK STATE et al., Appellants.—Mercure, J. Appeal from an order of the Supreme Court (Smyk, J.), entered February 17, 1988 in Broome County, which granted plaintiff's motion for summary judgment and partially granted the cross motion of defendants Murray Walter, Inc. and United States Fidelity & Guaranty Company for indemnity against defendant State University Construction Fund.

Defendant Murray Walter, Inc. (hereinafter Walter) was general contractor for rehabilitation and expansion work at the fine arts building at the State University of New York at Binghamton. Defendant United States Fidelity & Guaranty Company (hereinafter USF&G) was surety on Walter's labor and materials and performance bond, furnished pursuant to State Finance Law § 137. Walter subcontracted with plaintiff for installation of a window wall in the building, which

consisted of a number of movable panels, each 15 feet high. The contract between Walter and defendant State University Construction Fund (hereinafter the Fund) provided that any determination of the architect under the provisions of the contract shall be binding and that "the work shall be executed in conformity [with the contract plans] and the Contractor shall do no work without proper drawings and/or instructions". The contract between Walter and plaintiff provided for plaintiff's performance of the subcontracted work "in strict accordance with the contract plans and specifications" and "that all work shall be done subject to the final approval of the Architect". A design change, requested by plaintiff's supplier and modified and ultimately approved and accepted by the Fund's architect, was incorporated into the contract plans and specifications prior to plaintiff's performance of its subcontract. At the conclusion of plaintiff's installation of the window wall panels, the Fund's architects inspected and approved the work. Approximately one year later, four of the wall panels fell down. The Fund directed Walter to repair the damage and replace the panels and, on Walter's order, plaintiff performed the work and rendered its invoice for $16,139.

Plaintiff was not paid and commenced this action to recover the reasonable value of the work and materials provided. Following joinder of issue, plaintiff moved for summary judgment for the relief demanded in the complaint. Walter and USF&G opposed the motion and cross-moved for summary judgment against the Fund for indemnity. Supreme Court granted plaintiff summary judgment against Walter and USF&G and, in turn, granted summary judgment in their favor against the Fund, finding that the failure of the panels was "due to faulty plans and specifications provided by the owner Fund". The Fund, Walter and USF&G appeal.[1]

We affirm. Plaintiff supported its motion for summary judgment with uncontradicted expert opinion that improper design was the proximate cause of the failure of the window wall panels and that neither improper materials nor improper installation were contributing factors.[2] This showing was sufficient to eliminate factual issues on plaintiff's cause of action

---

1. In their brief, Walter and USF&G actually seek affirmance of Supreme Court's order. Their objection to Supreme Court's grant of summary judgment in favor of plaintiff is conditional, to be considered only if we reverse or modify Supreme Court's grant of summary judgment against the Fund on their cross claim.

2. That defective design was the sole cause of the failure is, in fact, conceded in the Fund's brief.

against Walter and USF&G and their cross claim against the Fund. The Fund's exclusive reliance upon evidence that plaintiff, its supplier or Walter initiated, proposed or were involved in the design change is misplaced. By the terms of the contract, the Fund and its architects retained ultimate control over and responsibility for the construction plans and specifications (see, 3 NY Jur 2d [Interim Topics], Architects, § 19, at 220; *Hubert v Aitken*, 15 Daly 237, *affd* 123 NY 655; *Grace & Co. v State Univ. Constr. Fund*, 99 AD2d 860, *mod on other grounds* 64 NY2d 709; *see also*, *MacKnight Flintic Stone Co. v Mayor of City of N. Y.*, 160 NY 72; *County of Westchester v Becket Assocs.*, 102 AD2d 34, 48, *affd* 66 NY2d 642). Accordingly, we reject the Fund's contention that there are triable issues of fact and Supreme Court's order should, therefore, be affirmed.

Order affirmed, with costs to plaintiff against defendant State University Construction Fund. Casey, J. P., Mikoll, Yesawich, Jr., Mercure and Harvey, JJ., concur.